UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC. PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 2665<br><br>Misc. No. 15-mc-1825 (ESH) |
| This Document Relates To:<br><br>*Watkins Incorporated v. McCormick & Co* | |

**PLAINTIFF WATKINS INCORPORATED'S MEMORANDUM
IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

## INTRODUCTION

Pending before the Court is Defendant McCormick & Company's ("McCormick") motion to dismiss Plaintiff Watkins Incorporated's ("Watkins") Amended Complaint, in which McCormick argues that Watkins failed to allege any injury proximately caused by McCormick's alleged conduct. Watkins seeks leave from the Court to file its Second Amended Complaint to plead new facts in support of its damages claim.

## LEGAL STANDARD

A party may amend its complaint with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Absent sufficient reason, such as undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party because of the amendment, or futility of the amendment, the court should permit amendment. *Id.* "Courts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'" *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 47-48 (D.D.C. 2009) (quoting *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991)).

## **ARGUMENT**

As set forth in paragraphs 54-65 of the accompanying proposed Second Amended Complaint, in 2015-16 Watkins sought to establish its black pepper products in Wal-Mart stores. The test marketing authorized by Wal-Mart covered the period March 2015 through March 2016, the same period during which McCormick's black pepper slack-filing occurred.

Having determined that the Watkins products did not comply with its criteria, Wal-Mart terminated the Watkins black pepper test marketing program on April 5, 2016. When the original and First Amended Complaints were filed in the summer of 2015, sales results for Watkins black pepper products were incomplete, the Watkins-Wal-Mart test program was still underway, and McCormick's slack-filling was still occurring. Now, however, all of those conditions have changed: more complete sales results are available, Wal-Mart has terminated Watkins black pepper products from its stores, and McCormick has now modified its pepper containers and is rolling them out. Watkins is thus able to

better quantify its damages claim, and accordingly seeks leave of Court to amend its Complaint in order to plead these new facts.

Respectfully submitted,

**MASLON LLP**

Dated: July 5, 2016         By: *s/Geoffrey P. Jarpe*
                                Geoffrey P. Jarpe (#49761)
                                3300 Wells Fargo Center
                                90 South Seventh Street
                                Minneapolis, MN  55402-4140
                                Telephone:  (612) 672-8200
                                Email:   geoffrey.jarpe@maslon.com

**ATTORNEYS FOR PLAINTIFF
WATKINS INCORPORATED**

4835-1890-9748, v. 2

3