UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: MCCORMICK & COMPANY, INC.,
PEPPER PRODUCTS MARKETING AND SALES
PRACTICES LITIGATION

THIS DOCUMENT RELATES TO:
*Watkins Incorporated v. McCormick & Company,
Inc., No. 1:15-CV-02188-ESH*

MDL Docket No. 2665
Misc. No. 15-1825 (ESH)

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## MCCORMICK & COMPANY, INC.'S MOTION TO DISMISS

McCormick & Company, Inc. ("McCormick") submits this Supplemental Memorandum in further support of its Motion to Dismiss the claims against it brought by Watkins Incorporated (Dkt. #37). This additional brief was necessitated in order to address certain new allegations included as paragraphs 56 through 66 of Watkins's proposed "Second Amended Complaint." (Dkt. #51-1) ("SAC").

The section that has been added in Watkins's new pleading, entitled "Watkins' Damages," purports to attribute the apparent failure of a "test program" for Watkins pepper products at Wal-Mart stores to alleged "slack-filled" McCormick products. None of the new allegations, however, provides any *factual* basis to show that Watkins's failure to satisfy Wal-Mart or meet its own "expectations" was fairly traceable to, or proximately caused by, actions of McCormick.

Watkins alleges that "[i]n 2014, Target Stores approved the sale of Watkins black pepper products" and, in 2015, those products "became available in approximately 1,400 Target stores nationwide." SAC ¶ 56. At the same time, Watkins black pepper products were tested in 501 Wal-Mart stores. SAC ¶ 57. Watkins alleges that it "believed" that the test program in the Wal-

Mart stores "would succeed, **just as they had in Target**." SAC ¶ 58 (emphasis supplied).  But

Watkins asserts that, although it "anticipated higher sales," it "fell short of Wal-Mart's

requirements." SAC ¶ 59.[1]  Watkins blames the failure of its product to satisfy Wal-Mart on the

presence of McCormick's products, which it alleges conveyed "the wrong impression" to

consumers.

To the extent that these allegations relate to issues raised in McCormick's Motion to

Dismiss, they appear calculated to address Watkins's lack of constitutional standing and lack of

statutory standing under the Lanham Act.[2]  But the allegations still include no *facts* whatsoever

that actually link the failure of Watkins's test program at Wal-Mart to McCormick.  Watkins

does not identify any "confused" or "misled" consumers, and, even if there were such persons,

there are no facts alleged to show that they otherwise would have purchased Watkins's pepper.

The speculative and conclusory allegations suggesting what "impression" some unidentified (and

unidentifiable) consumers supposedly had cannot provide the requisite causal connection

between McCormick's conduct and Watkins's alleged injury.  Indeed, Watkins itself alleges that

its black pepper products were *a "success"* at Target Stores, SAC ¶¶ 58, 63, where competition

from McCormick black pepper products would have been equally present.  Thus, Watkins's own

allegations indicate that the problem at Wal-Mart was not something attributable to McCormick

but simply the failure of Watkins's products to meet its own subjective "expectations" and Wal-

---

[1] Thus, this is not a case in which there was a longstanding track record of performance that inexplicably deteriorated.  The speculative "benchmark" that Watkins alleges is simply what it hoped would happen during the Wal-Mart test program.

[2] There are multiple additional grounds for dismissal asserted in McCormick's motion, for example, the fact that there is no authority whatsoever for recognizing "slack-filling" containers as "false advertising" for purposes of the Lanham Act.

Mart's requirements.[3]

## CONCLUSION

Watkins's new allegations are not a legally sufficient basis to make the causal connection necessary to support a claim against McCormick, and the claims, having been amended multiple times, now should be dismissed with prejudice. *See, e.g., Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1394 (2014) (finding insufficient allegations of indirect injury that might have resulted from "any number of [other] reasons."

Respectfully submitted,

DATED:  July 6, 2016

By:  /s/ David H. Bamberger
David H. Bamberger (Bar No. 362285)
Edward S. Scheideman (Bar No.475128)
Paul Schmitt (Bar No. 1007680)
DLA PIPER LLP (US)
500 8th Street, NW
Washington, DC  20004
Telephone:  202-799-4000
Facsimile:   202-799-5000
david.bamberger@dlapiper.com
edward.scheideman@dlapiper.com
paul.schmitt@dlapiper.com

*Attorneys for Defendant*
*McCormick & Company, Inc.*

---

[3] Watkins's theory consists of multiple layers of speculation: (1) that (unidentified) consumers did not get what they "expected" in the tins of McCormick pepper; (2) had they known, these unidentified persons would have chosen to purchase Watkins's pepper instead (3) in sufficient numbers to meet Watkins's own subjective "expectations" (4) and satisfy Wal-Mart's requirements.  There are no actual facts alleged by Watkins to support any of these propositions.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2016, I caused to be electronically filed the foregoing Supplemental Memorandum in Support of McCormick & Company, Inc.'s Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel registered through CM/ECF.


/s/ David H. Bamberger
David H. Bamberger

*Attorney for Defendant*
*McCormick & Company, Inc.*

Supplemental Memo in Support of McCormick & Company,
Inc.'s Motion to Dismiss
EAST\125944561.2
004815-000462