UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates To:*<br>ALL CLASS ACTIONS | MDL Docket No. 2665<br>Misc. No. 15-1825 (ESH) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CROSS MOTION
TO SUBSITUTE A NEW NAMED PLAINTIFF**

## I.     INTRODUCTION

After former plaintiff Bernard Ortiz voluntarily dismissed his individual claims in this class action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") moved to dismiss the state law consumer claims of the nationwide class of consumers on the basis that no named plaintiff had purchased Great Value pepper, its private-label product.  In responding to Wal-Mart's motion, Class Counsel for Plaintiffs argued that courts traditionally allow a reasonable period for substitution of a new plaintiff in order to protect the interests of the Class and requested the Court allow a reasonable period of time to substitute a new plaintiff.

Today, Counsel have identified a member of the Class who has purchased a slack-filled container of Great Value pepper, and suffered economic injury as a result.  He wishes to join this action to serve as a class representative.  Accordingly, Plaintiffs respectfully request that this Court grant the motion to allow Alexander Liberov to join this action as a named plaintiff.

## II.     BACKGROUND

Alexander Liberov is, and at all relevant times was, a citizen of Illinois and resident of Chicago, Illinois.  He purchased, for personal use, a medium-sized tin of black pepper sold under the private-label brand Great Value from a Wal-Mart store in Wheeling, Illinois in early 2016. He reasonably expected that the tin was full of black pepper, did not know that in fact the tin contained just 75% of the pepper that the tin was designed to hold, and was actually deceived. As a result of Defendants' actions, he was overcharged, did not receive the benefit of the bargain and/or suffered out-of-pocket loss.

Below are photos of the Great Value tin Mr. Liberov purchased:





## III. ARGUMENT

The law is clear that substitution of a new named plaintiff is favored when a class action's named plaintiff drops out of the case.[1] In fact, one court in this District has recognized that, when a class representative is found to be inadequate, the Court may even send "'notice to potential class members inviting intervention for the purpose of assuming the responsibility of the class litigation.'"[2]

For example, in *National Federation of the Blind v. Target Corp.*, a class action by blind persons who were unable to access and shop on the defendant's website, the court granted summary judgment for the defendant on the named plaintiff's Americans with Disability Act ("ADA") claim, finding he lacked a cognizable injury.[3] Yet, rather than dismiss the ADA claims of the entire class, the court reasoned that "[a]s long as the proposed class satisfies the

---

[1] *Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir. 1998) (finding that the district court acted properly in allowing the class claims to continue with the substitution of appropriate class representatives despite the failure of the named plaintiff's individual claim on the merits); *Woods v. Vector Mktg. Corp.*, 2015 WL 10607576, at *2 (N.D. Cal. June 5, 2015) ("Plaintiffs sought leave to substitute a new named plaintiff shortly after this Court dismissed the former representative on statute of limitations grounds" and so substitution was warranted); *Weathington v. City of Detroit*, 2015 WL 3770859, at *1 (E.D. Mich. June 17, 2015) (adopting Magistrate Judge's recommendation to give plaintiff 30 days to substitute a new class representative); *Plascencia v. Lending 1st Mortg.*, 2012 WL 253319, at *1 (N.D. Cal. Jan. 26, 2012) (counsel may substitute new class representative whose claims are typical of the class); *Mauldin v. Wal-Mart Stores, Inc.*, 2006 WL 739696, at *2 (N.D. Ga. Mar. 21, 2006) ("the Court will give [Class Counsel] an opportunity to locate an adequate class representative and then file a motion to substitute the new representative as the named plaintiff in this case"); *Karnuth v. Rodale, Inc.*, 2005 WL 1683605, at *1 (E.D. Pa. July 18, 2005) ("Given counsel's statement that he could easily find another representative without Karnuth's credibility problems, I allowed counsel to substitute a new class representative . . . ."); *In re Initial Pub. Offering Sec. Litig.*, 224 F.R.D. 550, 552 (S.D.N.Y. 2004) (permitting substitution of new named plaintiffs when original named plaintiffs wished to withdraw from the case). *Cf. Daniel v. Fulwood*, 310 F.R.D. 5 (D.D.C. 2015) (granting plaintiffs request to substitute class representatives where former class representatives' claims became moot).

[2] *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 39 n.15 (D.D.C. 2007) (quoting 1 Newberg & Conte on Class Actions § 2:26 (4th ed. 2002) (observing that "the court may send Rule 23(d)(2) notice to potential class members inviting intervention for the purpose of assuming the responsibility of the class litigation"); *id.* (explaining that "intervention by absentee members is freely allowed in order to substitute them as class representatives")).

[3] 582 F. Supp. 2d 1185, 1204 (N.D. Cal. 2007).

requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff."[4] Satisfied that some of the unnamed class members could adequately serve as substitute representatives, the court held that the appropriate course of action was "grant[ing] plaintiffs' leave to substitute another class representative for the nationwide class."[5] In certifying the class without a named plaintiff, the court ordered counsel "to substitute a new class representative . . . within thirty (30) days of the date of this order."[6]

As Judge Posner wrote for the Seventh Circuit in *Philips v. Ford Motor Co.*, "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation . . . ."[7] Federal courts, in other words,

> disregard the jurisdictional void that is created when the named plaintiffs' claims are dismissed and, shortly afterwards, surrogates step forward to replace the named plaintiffs. This may seem irregular; but maybe there isn't really a jurisdictional void, since the class member who steps forward to take the place of the dismissed plaintiff has a real controversy with the defendant.[8]

In other instances where the named plaintiffs no longer may serve for reasons that are not classwide, courts have favored substitution. Instructively, in *In re Thornburgh*, the D.C. Circuit recognized that where class counsel proposed intervention of new plaintiffs whose claims had not been mooted, dismissal was inappropriate.[9] It reasoned:

> [e]ven assuming that the claims of the [named] plaintiffs are moot, the district court is not necessarily deprived of all jurisdiction over

---

[4] *Id*. at 1201 (citing *Kremes v. Bartley*, 431 U.S. 119 (1977)).

[5] *Id*.

[6] *Id*. at 1209.

[7] 435 F.3d 785, 787 (7th Cir. 2006).

[8] *Id*.

[9] *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989).

010546-12 870212 V1

> the action. . . . There is authority to the effect that a court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative. Such action is especially appropriate where the events causing mootness have only individual rather than classwide impact.[10]

"Because plaintiffs' counsel ha[d] proposed the intervention of several new plaintiffs with allegedly live claims," the court declined to dismiss the case.[11]

Class Counsel quickly identified a substitute named plaintiff for the consumer claims against Wal-Mart. The Class has a "legal status separate from the interest asserted by [Mr. Ortiz,]"[12] and since Mr. Liberov is willing and able to serve as a class representative for these claims, to vindicate his own rights and also those of the Class, it would be error to deny Class Counsel a reasonable period to substitute Mr. Liberov and thereby protect the interests of the Class.[13]

Further supporting this course of action is the lack of prejudice to Wal-Mart in permitting substitution. As of filing, the Court has not yet ruled on the motion to dismiss, and so allowing substitution of Mr. Liberov leaves this case and Wal-Mart in the same position as it was when Mr. Ortiz voluntarily withdrew for personal reasons a few weeks ago. Even with dismissal of the consumer claims, Wal-Mart will remain a defendant in this action, as Wal-Mart's Supplemental Memorandum leaves unaffected the federal Sherman Act claim.[14] Wal-Mart may be held jointly

---

[10] *Id*. at 1508-09.

[11] *Id*. at 1509.

[12] *Sosna v. Iowa*, 419 U.S. 393, 399 (1975).

[13] *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) ("the efficient administration of justice and the interests of the class were not served when the district court decertified the class without first giving class members an opportunity to intervene as the class representative. Accordingly, we find an abuse of discretion and remand for the district court to allow a reasonable period of time for the substitution or intervention of a new class representative.").

[14] Supplemental Memorandum of Law of Wal-Mart Stores, Inc. in Support of Its Motion to Dismiss Class Plaintiffs' State Law Claims, at 6 (seeking dismissal of *only* the state law claims, and not federal Sherman Act claim).

and severally liable with other co-conspirators for unlawful collusion,[15] and that liability turns on its agreement to participate in the antitrust agreement, not on a consumer's purchase. At bottom, permitting Mr. Liberov to join this action keeps this case in status quo and will permit the Court to address the action on its merits.

## IV. CONCLUSION

For these reasons, Class Counsel respectfully request that the Court substitute Mr. Liberov as a new named plaintiff for the consumer protection claims against Wal-Mart, and to that end direct Class Counsel to file an amended complaint with no changes other than the addition of Mr. Liberov. Further, in recognition of the new plaintiff, Plaintiffs request that the Court deny Wal-Mart's supplemental motion to dismiss.

DATED: October 21, 2016          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Elizabeth A. Fegan*
      Elizabeth A. Fegan
Daniel J. Kurowski
Mark T. Vazquez
Andrew Gordon
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com
markv@hbsslaw.com
andrewg@hbsslaw.com

---

[15] *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 508 (S.D.N.Y. 1996) (holding that "[b]ecause antitrust liability is joint and several, a Plaintiff injured by one Defendant as a result of the conspiracy has standing to represent a class of individuals injured by any of the Defendant's co-conspirators").

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
Facsimile: (202) 580-6559
jenniferc@hbsslaw.com

*Co- Lead Counsel and Counsel for Class Plaintiffs*

Scott A. Kamber
KAMBERLAW LLC
100 Wall Street, 23rd floor
New York, NY 10005
(212) 920-3072
(212) 202-6364 (fax)
skamber@kamberlaw.com

Deborah Kravitz
KAMBERLAW LLP
401 Center Street, Suite 111
Healdsburg, CA 95448
(707) 820-4247
dkravitz@kamberlaw.com

*Co-Lead Counsel and Counsel for Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on October 21, 2016. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

By: *Elizabeth A. Fegan*
Elizabeth A. Fegan