UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: MCCORMICK & COMPANY,
INC., PEPPER PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION

This Document Relates To:

ALL CONSUMER CASES

MDL Docket No. 2665
Misc. No. 15-1825 (ESH)

**MEMORANDUM OPINION**

Class plaintiffs have made antitrust, consumer protection, and unjust enrichment claims against defendants related to alleged fill reductions in pepper containers. After dismissing plaintiffs' antitrust claim, the Court granted plaintiffs' motion for reconsideration and allowed them to file their Second Amended Consolidated Class Action Complaint, ECF No. 129. The Court filed its opinion on the motion for reconsideration, ECF No. 127, under seal and invited the parties to propose redactions to the opinion, because it referred to paragraphs in the complaint that were based on material that defendants had produced in discovery and designated as confidential pursuant to a protective order. McCormick has moved for redactions of three types of information that the Court cited from plaintiffs' complaint: (1) quotations from and descriptions of internal McCormick documents that discuss the challenged fill reductions; (2) descriptions of the process by which McCormick contacted retailers about the fill reductions and responses from some retailers; and (3) plaintiffs' statements of their theory that competition about fill levels would have driven prices down. According to McCormick, publicizing this

1

information would create a misleading picture of McCormick's conduct that could harm its reputation. Plaintiffs oppose the redactions based on the public interest in having access to the Court's full opinion. Because the Court finds that the public interest in access to the opinion outweighs the potential risk of embarrassment to McCormick, it will deny McCormick's motion and unseal the opinion without redactions.

**ANALYSIS**

There is a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). "[A]pproval of the Protective Order . . . does not mean that references to protected information and documents in a judicial opinion must be redacted." *Doe v. Exxon Mobil Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008); *see Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Rather, the D.C. Circuit has instructed courts to decide whether to redact or seal court records by considering six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Nat'l Children's*, 98 F.3d at 1409 (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

Here, the first factor — the need for public access — weighs heavily against redaction. There is a "strong public interest in the openness of judicial proceedings, which exists irrespective of whether the proceedings at issue relate to disputes among private litigants." *Upshaw v. United States*, 754 F. Supp. 2d 24, 28 (D.D.C. 2010); *Am. Prof'l Agency, Inc. v.*

*NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013). Such openness is essential to the integrity of judicial proceedings, *Upshaw*, 754 F. Supp. 2d at 30, and to public understanding of the law, such as "what needs to be pleaded to satisfy the pleading standard," *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92-93 (D.D.C. 2014). The presumption in favor of public access is especially strong for judicial orders and opinions. *Exxon*, 570 F. Supp. 2d at 51-52; *APA*, 121 F. Supp. 3d at 24; *Upshaw*, 754 F. Supp. 2d at 28. Redacting statements that are critical to a court's analysis would substantially impede the public right of access to judicial opinions. *Guttenberg*, 26 F. Supp. 3d at 93-94, 97; *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 133 (D.D.C. 2009); *Exxon*, 570 F. Supp. 2d at 52. Plaintiffs' allegations about McCormick's internal discussions regarding the fill reduction, the communications between McCormick and retailers, and plaintiffs' statements that competing on fill level would have created downward pressure on prices were central to the Court's analysis of the motion for reconsideration. Without that information, the public cannot understand why the Court concluded that plaintiffs' proposed complaint did not plausibly allege an anticompetitive agreement on fill level, but that plaintiffs should be permitted to file the complaint because they "seem[ed] to be intimating that their antitrust claim can be based on an alternative theory that defendants agreed to deceive consumers about the reduction in fill." (Mem. Opinion at 9-10, ECF No. 127.) Therefore, the need for public access is a factor that strongly favors unsealing the opinion in its entirety.

The second factor — the extent of previous public access — weighs against some proposed redactions and is neutral as to others. "Previous access is a factor which may weigh in favor of subsequent access." *Hubbard*, 650 F.2d at 318. If there has been no previous access, this factor is neutral. *APA*, 121 F. Supp. 3d at 24. The information about plaintiffs' theory is

available in unredacted paragraphs of the complaint, so this factor weighs against redacting that information. The other proposed redactions refer to redacted parts of the complaint, and the parties have not provided the information in unredacted briefing, so this factor is neutral as to that information.

McCormick's asserted privacy interest and potential prejudice do not outweigh the need for public access. "The third, fourth, and fifth *Hubbard* factors are interrelated, and require courts to look at the strength of the property and privacy interests involved, and to take into account whether anyone has objected to public disclosure and the possibility of prejudice to that person." *Upshaw*, 754 F. Supp. 2d at 29. Courts have denied public access to "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). McCormick argues that "[d]isclosure of these selective excerpts . . . could harm McCormick's competitive standing by presenting otherwise confidential business materials out of context . . . ." (Mot. Redact at 1-2, ECF No. 130.) According to McCormick, "[a] company's reputation is vital to its ability to succeed in the market; that reputation is threatened and/or undermined by the premature disclosure of internal company communications . . . . Developed as part of a more fulsome record (for example, on summary judgment or at trial), additional context may be yielded which would allow interested persons to properly weigh the importance" of these excerpts. (Reply at 5, ECF No. 137). McCormick's concern about its reputation does not rise to the level of the privacy and property interests that courts have permitted to outweigh the public's right of access. For example, redaction may be appropriate for trade secrets and price information. *See Hubbard*, 650 F.2d at 315; *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-80 (6th Cir. 1983); *Fudali v. Pivotal Corp.*, 623 F. Supp. 2d 25, 28

4

(D.D.C. 2009). In contrast, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Joy*, 692 F.2d at 894; *APA*, 121 F. Supp. 3d at 25. McCormick has not argued that the information in the Court's opinion betrays confidential business practices or strategy. Rather, McCormick's only explanation for potential harm to its competitive standing is that publishing the information without McCormick's side of the story would damage the company's reputation. Thus, McCormick's privacy interest is not adequate to support redaction of the Court's opinion.

Finally, the purpose for which the documents were introduced also favors unsealing the complete opinion, although this factor incorporates opposing considerations. Courts give more weight to a party's objection to disclosure when the documents at issue were obtained from that party in discovery, especially when the party relied upon a protective order. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 61 (D.D.C. 2009); *Tavoulareas v. Wash. Post Co.*, 111 F.R.D. 653, 659 (D.D.C. 1986). This Court recognizes that McCormick produced the information at issue (other than statements of plaintiffs' theory) to comply with plaintiffs' discovery requests and that plaintiffs, not McCormick, have provided excerpts to the Court. However, when information produced by a party in discovery becomes critical to the Court's analysis, as it is here, the "purpose" factor does not support redaction. *Exxon*, 570 F. Supp. 2d at 52-53; *see also Guttenberg*, 26 F. Supp. 3d at 96.

Considering the relevant factors, the Court finds that redaction is not appropriate. There is an extremely strong public interest in access to judicial opinions, and McCormick's proposed redactions would prevent the public from seeing information that was critical to the Court's

5

analysis.  Even though McCormick turned over the information in discovery and it has concerns about reputational harm, this does not overcome the presumption in favor of openness.  Thus, the Court will deny McCormick's motion for redactions.[1]

**CONCLUSION**

For the reasons discussed above, McCormick's motion at ECF No. 130 to redact the Memorandum Opinion dated March 21, 2017, is denied.  McCormick's motion at ECF No. 131 for leave to file under seal its exhibit of proposed redactions is granted.  A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 13, 2017

---

[1] However, the Court will permit the exhibit in which McCormick highlighted its proposed redactions to remain under seal.  Although the docket text accompanying plaintiffs' opposition to McCormick's motion for redactions states that it is also a response to McCormick's motion for leave to file the exhibit under seal, the opposition does not even mention the latter motion, let alone make any argument about why the exhibit should be unsealed.  (*See* Pls. Opp., ECF No. 136.)  Highlighting McCormick's proposed redactions for the public would increase the potential embarrassment for McCormick without enhancing public access to the Court's opinion on reconsideration.  Therefore, McCormick's motion for leave to file its exhibit of proposed redactions under seal, ECF No. 131, will be granted.