UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates To:*<br>ALL CLASS ACTIONS | MDL Docket No. 2665<br>Misc. No. 15-1825 (ESH) |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL**

Plaintiffs, by and through their attorneys, and as their Motion for Class Certification and Appointment of Class Counsel, hereby state the following:

As detailed more fully in the accompanying Statement of Points and Authorities in Support of Plaintiffs' Motion for Class Certification, this case is ripe for class treatment and the Court should grant class certification under Fed. R. Civ. P. 23(a) and (b)(3). Plaintiffs seek certification of the following classes.

First, as to their claims for violations of state consumer protection statutes against Defendants McCormick and Walmart, Plaintiffs Deborah Esparza (California), Holly Marsh (California), Cynthia Fernandez (Connecticut), Catherine Grindel (Missouri), Paula Jones (DC), Carmen Pellitieri (Florida), Scott Bittle (Illinois), Alexander Liberov (Illinois),[1] Brenda Theis (Illinois) and Julia Vladimirskiy (Illinois) seek appointment to serve as class representatives for the <u>Consumer Protection Multi-State Class</u> defined as follows:

> All persons residing in Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Idaho, Illinois, Iowa, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New Mexico, New York, North

---

[1] For all proposed classes asserted against Walmart, only Plaintiff Liberov seeks appointment as a class representative on behalf of purchasers with claims against Walmart.

Dakota, or Washington who purchased Slack Filled Black Pepper Products for their personal or household uses.

Next, for their unjust enrichment claims, Plaintiffs seek to certify two classes. First, against Defendants McCormick and Walmart, Plaintiffs Cynthia Fernandez (Connecticut), Paula Jones (DC), Scott Bittle (Illinois), Alexander Liberov (Illinois), Brenda Theis (Illinois), Julia Vladimirskiy (Illinois), and Catherine Grindel (Missouri), seek appointment to serve as class representatives for the Unjust Enrichment (Restatement) Multi-State Class as defined as follows:

> All persons residing in Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Iowa, Missouri, New Mexico, New York, Oklahoma, or West Virginia who purchased Slack Filled Black Pepper for their personal or household use.

Additionally, against Defendant McCormick, Plaintiffs Deborah Esparza (California), Holly Marsh (California), Sandra Robinson (Maryland), and Hubert Gerstnecker (Pennsylvania) seek appointment to serve as class representatives for the Unjust Enrichment (Appreciation) Multi-State Class as defined as follows:

> All persons residing in Alaska, California,  Kansas, Kentucky, Maine, Maryland, Massachusetts, Nevada, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington, or Wisconsin who purchased Slack Filled Black Pepper, for their personal or household use.

In the alternative, Plaintiffs seek appointment to serve as class representatives for single state classes under the consumer protection and/or unjust enrichment law of Plaintiffs' respective home states as follows:

> All persons residing in California who purchased Slack Filled Black Pepper for their personal or household use (Class Representatives Deborah Esparza and Holly Marsh under CAL. BUS. & PROF. CODE § 12606, CAL. BUS. & PROF. CODE § 12606.2, and CAL. BUS. & PROF. CODE § 17200, and CAL. CIV. CODE § 1770, and Unjust Enrichment Law against Defendant McCormick);

> All persons residing in Connecticut who purchased Slack Filled Black Pepper for their personal or household use (Class Representative Cynthia Fernandez under CONN. GEN. STAT. § 42-110b, *et seq.*, including § 42-110(a)(3), and Unjust Enrichment Law against Defendant McCormick);
>
> All persons residing in District of Columbia who purchased Slack Filled Black Pepper for their personal or household use (Class Representative Paula Jones under D.C. CODE § 28 3901, *et seq.*, including § 28-3904 and Unjust Enrichment Law against Defendant McCormick);
>
> All persons residing in Florida who purchased Slack Filled Black Pepper for their personal or household use (Class Representative Carmen Pellitieri under FLA. STAT. § 501.201, *et seq.* against Defendant McCormick);
>
> All persons residing in Illinois who purchased Slack Filled Black Pepper for their personal or household use (Class Representatives Scott Bittle, Alexander Liberov, Brenda Theis and Julia Vladimirskiy under 815 Ill. Comp. Stat. § 501/1, *et seq.* and Unjust Enrichment Law against Defendants McCormick and Walmart);
>
> All persons residing in Maryland who purchased Slack Filled Black Pepper for their personal or household use (Class Representative Sandra Robinson under Unjust Enrichment Law against Defendant McCormick);
>
> All persons residing in Missouri who purchased Slack Filled Black Pepper for their personal or household use (Class Representative Catherine Grindel under MO. REV. STAT. § 407.010, *et seq.* and Unjust Enrichment Law against Defendant McCormick); and
>
> All persons residing in Pennsylvania who purchased Slack Filled Black Pepper for their personal or household use (Plaintiff Hubert Gerstnecker under Unjust Enrichment Law against Defendant McCormick).

Excluded from any proposed class are (i) Defendants, any entity in which any Defendant has a controlling interest or which has a controlling interest, and (ii) the Court and its staff.

The case satisfies each of the four Rule 23 prerequisites.  First, the case meets Rule 23(a)(1)'s numerosity prerequisite as joinder of all potential class members is neither practicable nor even possible where Defendants sold hundreds of thousands of units of black pepper in

stores from coast to coast.  Second, the case meets Rule 23(a)(2)'s commonality prerequisite as the harms alleged by Plaintiffs and the class members were created by one common, corporate initiative and Defendants' uniform and deceptive efforts to covertly raise prices by decreasing the net weight of pepper.  Third, the case meets Rule 23(a)(3)'s typicality requirement because each named Plaintiff, like each absent class member, was subjected to and financially damaged by Defendants' practice of selling black pepper in non-transparent containers containing nonfunctional slack fill.  Fourth, the case meets Rule 23(a)(4)'s adequacy prerequisite where Plaintiffs have the same interests as the unnamed members of the class and will vigorously prosecute the interests of the class through qualified counsel.

In addition, the case meets the requirements of Rule 23(b)(3) given common deceptive and unfair conduct challenged by Plaintiffs here.  Common questions of law and fact predominate, given the common fact pattern and common legal requirements of the state consumer protection statutes under which Plaintiffs seek to certify the Classes and because "nonfunctional slack-fill is considered deceptive as a matter of law."  *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Practices Litig.*, 215 F. Supp. 3d 51, 61 (D.D.C. 2016).  Moreover, class treatment is not merely superior to individual treatment, it is the only method for fair and efficient adjudication of the issues before the Court where each individual claim involves small dollar amounts.  Accordingly, Plaintiffs respectfully request that the Court grant their motion for class certification and appoint them as class representatives for the certified classes under Rule 23(a) and (b)(3).

Additionally, Rule 23(g) requires that "a court that certifies a class must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  Plaintiffs respectfully request that the Court appoint Elizabeth A. Fegan of Hagens Berman Sobol Shapiro LLP and Scott A. Kamber of KamberLaw

LLC as Co-Lead Class Counsel as Plaintiffs' counsel have and will continue to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

For the reasons provided above, Plaintiffs respectfully request that this Court (1) certify the Classes as detailed above, (2) appoint Plaintiffs as Class representatives, (3) appoint Elizabeth A. Fegan of Hagens Berman Sobol Shapiro LLP and Scott A. Kamber of KamberLaw LLC as Co-Lead Class Counsel, (4) order the parties to meet and confer regarding the form of the proposed notice to potential class members, and (5) grant them such other relief as the Court deems necessary and appropriate. A proposed order is submitted with this motion.

DATED: July 21, 2017

Respectfully submitted,

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
Daniel J. Kurowski
Mark T. Vazquez
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com
dank@hbsslaw.com
markv@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jennifer Fountain Connolly
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
Facsimile: (202) 580-6559
jenniferc@hbsslaw.com

*Co-Lead Counsel and Counsel for Class Plaintiffs*

Scott A. Kamber
KAMBERLAW LLC
142 W. 57th St., 11th floor
New York, NY  10019
(212) 920-3072
(212) 202-6364 (fax)
skamber@kamberlaw.com

Deborah Kravitz
KAMBERLAW LLP
401 Center Street, Suite 111
Healdsburg, CA 95448
(707) 820-4247
dkravitz@kamberlaw.com

*Co-Lead Counsel and Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on July 21, 2017. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system. Copies of unredacted documents were served on Counsel of Record for the parties by electronic mail at the following addresses:

| **Counsel for McCormick & Company, Inc.** | **Counsel for Wal-Mart Stores, Inc.** |
| --- | --- |
| David H. Bamberger<br>Edward S. Scheideman<br>Paul D. Schmitt<br>DLA Piper LLP (US)<br>500 Eighth Street, N.W.<br>Washington, D.C. 20004<br>David.bamberger@dlapiper.com<br>Edward.scheideman@dlapiper.com<br>Paul.schmitt@dlapiper.com | Andrew G. Klevorn<br>Yoni Rosenzweig<br>Kristin L. Coveney<br>Patricia Warren<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>andrew.klevorn@kattenlaw.com<br>yoni.rosenzweig@kattenlaw.com<br>kristin.coveney@kattenlaw.com<br>patricia.warren@kattenlaw.com |

By:  /s/ Elizabeth A. Fegan
Elizabeth A. Fegan