UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | MDL Docket No. 2665<br>Case No.: 1:15-mc-01825-ESH |

**RESPONSE OF WAL-MART STORES, INC. TO
THE MOTION OF PLAINTIFFS FOR CLASS CERTIFICATION**

Wal-Mart Stores, Inc. ("Wal-Mart") files this separate opposition to highlight certain deficiencies in Plaintiffs' Motion for Class Certification with regard to Wal-Mart.[1] Most fundamentally, Plaintiffs' proposed classes fail because they have not set forth a method, using common proof, to identify those consumers who, as a result of the reduction of fill levels in Great Value® brand pepper, were supposedly deceived and, because of such deception, suffered an injury. As this Court has recognized, some consumers either were aware that the amount of pepper in a container had been reduced or, if they had learned of such reduction, would have purchased the product anyway. (ECF No. 98 at 30). Such consumers cannot have suffered a cognizable injury and, accordingly, cannot be members of a class. Yet, Plaintiffs offer no mechanism to identify such consumers; instead, their proposed classes encompass *all* purchasers of so-called slack-filled Great Value® pepper products. (ECF No. 159 at 5-7). Such proposed class are facially overbroad and do not comport with Rule 23.

Additionally, only one of the named plaintiffs—Liberov—purportedly purchased one of

---

[1] Wal-Mart joins and incorporates by reference the separate opposition of McCormick & Company, Inc. to Plaintiffs' Motion for Class Certification (ECF No. 160-2).

Wal-Mart's Great Value® brand black pepper products, and he did so in the state of Illinois. (Second Amended Consolidated Class Action Complaint ("SAC"), ECF No. 129 at ¶ 11.) Thus, the only claims that he has standing to assert are those that arise under Illinois law; he cannot pursue claims under the laws of other states because he did not purchase any Great Value® brand black pepper in those states. Nor did any other named plaintiff. Since no named plaintiff has standing to bring claims against Wal-Mart in states other than Illinois, a class with respect to Wal-Mart Great Value® brand pepper products cannot be certified for claims arising in Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Washington, or West Virginia. *See, e.g., In re Flonase Antitrust Litig.*, 610 F. Supp.2d 409, 418 (E.D. Pa. Apr. 15, 2009) ("Named plaintiffs cannot establish standing merely by relying on claims of putative class members and must establish their own standing to assert each claim."); *Los Gatos Mercantile, Inc. v. E.I. DuPoint De Nemours and Co.*, No. 13-cv-01180-BLJ, 2014 WL 4774611 at *4 (N.D. Cal. Sept. 22, 2014) (dismissing plaintiffs' putative class action with respect to claims asserted under the laws of states in which no plaintiff resided or had purchased the product); *In Re Avandia Mktg., Sales Practices and Products Liab. Litig.,* No. 2007-MD-1871, 2013 WL 5761202 (E.D. Pa. Oct. 23, 2013) (same).

Even within the state of Illinois, Plaintiff Liberov does not have standing to bring claims against Wal-Mart because he purchased his tin of Great Value® brand black pepper in 2016 (SAC at ¶11), months after the public was put on actual or constructive notice of the alleged deception through the filing of this class action suit. As such, Liberov cannot have suffered injury, and thereby lacks standing, because he knew or should have known of the purported

deception. Accordingly, because neither Plaintiff Liberov nor any of the named plaintiffs have standing to bring claims against Wal-Mart, Plaintiffs' Motion for Class Certification should be denied with regard to Wal-Mart.

## I. PLAINTIFFS' PROPOSED CLASSES ARE OVERBROAD AND DO NOT MEET THE PREDOMINANCE REQUIREMENT OF RULE 23.

The class claims here essentially boil down to an assertion that Wal-Mart instituted a covert price increase for its Great Value® pepper by reducing the amount of pepper in a tin without reducing the size of the tin. According to Plaintiffs, this was deceptive. Yet to proceed on a class basis, Plaintiffs must present a systematic method, using common proof, for identifying those consumers who, if they had known about the effective price increase (rather than being deceived through supposed slack fill), would not have purchased Great Value® pepper. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (affirming a lower court's denial of a motion for class certification where the proposed class of all purchasers of Diet Coke "could potentially include millions of customers, some (if not many) of whom may not have been deceived by Coke's marketing"); *Diacakis v. Comcast Corp.*, No. C-11-3002 SBA, 2013 WL 1878921, at *4 (N.D. Cal. May 3, 2013) (finding that the proposed class definition was overly broad because plaintiff's claims required a showing of deception, yet the class definition did not distinguish between consumers who had been deceived by the existence of additional charges and those who had not).

Plaintiffs do not meet this requirement. To be sure, with any price increase, some consumers will choose not to purchase the product that is subject to the price increase; however, by the same token, except in the rare instance where demand for a product is perfectly elastic, some consumers will continue to purchase the product even in the face of a price increase. *See* Carlton & Perloff, *Modern Industrial Organization*, 65-66 (4th Ed. 2005) (explaining concept of

price elasticity of demand). This latter group of consumers—who would have purchased the pepper even if there had not been any supposed deception and the price increase had been transparent—cannot be included in the proposed class because they were not injured, as they would have purchased the pepper anyway. The supposed deception made no difference to this group of consumers.

Yet, Plaintiffs' proposed classes do not distinguish among these consumers. Instead, in blunderbuss fashion, they simply include *all* purchasers of supposedly slack-filled pepper in their classes (ECF No. 159 at 5-7), thereby including persons who were not injured. This is fatal to Plaintiffs' effort to certify one or more classes, for it leads to an overbroad class definition. *See In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 673 (N.D. Ill. May 6, 2009) (denying a motion for class certification where the class definition was "overinclusive and too indefinite"). Plaintiffs had the burden of setting forth a method for identifying those consumers who would—as well as those who would not—stop purchasing Great Value® pepper if they had known about the supposed slack fill. They have not done so, leaving the court with the task of making individualized assessments regarding each member of the proposed class. Such particularized inquiries are incompatible with the class action process, for they mean that common issues do not predominate and, thus, fail to satisfy the predominance requirement of Rule 23. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252-53 (D.C. Cir. 2013) ("Common questions of fact cannot predominate where there exists no reliable means of proving class-wide injury in fact. When a case turns on individualized proof of injury, separate trials are in order.") (internal citations omitted).

## II.   A CLASS CANNOT BE CERTIFIED FOR CLAIMS ARISING OUTSIDE OF ILLINOIS BECAUSE NONE OF THE NAMED PLAINTIFFS HAVE STANDING TO BRING SUCH CLAIMS.

"To be a class representative on a particular claim, the plaintiff himself must have a cause

of action on that claim." *Flonase*, 610 F. Supp. 2d at 414 (quoting *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1169 (3d Cir. 1987)).  Notably, numerous courts around the country have determined that putative class plaintiffs cannot sustain claims in states where they do not reside and have not purchased the products at issue.  *See, e.g.*, *In re Packaged Seafood Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2017 WL 1010329 at *35-36 (S.D. Cal. Mar. 14, 2017) ("Article III standing for state law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state."); *In re Niaspan Antitrust Litig.*, 42 F. Supp.3d 735, 758 (E.D. Pa. 2014) (concluding that plaintiffs did not have "standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury"); *Morales v. Unilever*, Civ. No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *5 (E.D. Cal. Apr. 9, 2014 ) (finding that because neither of the named plaintiffs "is a resident of a state other than California or Massachusetts…and did not purchase defendant's products in any state but her own, plaintiffs do not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint.") (internal quotations omitted); *Zaycer v. Sturm Foods*, 896 F.Supp.2d 399, 409 (D. Md. 2012) (concluding that the named plaintiff could not sustain claims on behalf of a class outside of the state of Maryland where she had neither been harmed by the product nor purchased the product outside of that state); *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) (dismissing claims in states in which the named plaintiff had not purchased any products); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp 2d 642, 658 (E.D. 2011) (same); *In re Potash Antitrust Litig.,* 667 F.Supp.2d 907, 920-24 (N.D. Ill. 2009) (same), *vacated on other grounds by Minn-Chem, Inc. v. Agrium Inc.*, 657 F.3d 650 (7th Cir. 2011) and *aff'd on other grounds by Minn-Chem, Inc. v. Agrium Inc.*, 682 F.3d 845 (7th Cir. 2012); *In re Wellbutrin XL Antitrust Litigation,* 260 F.R.D. 143, 157-58 (E.D. Pa. 2009)

(same); *In re Graphics Processing Units Antitrust Litigation,* 527 F. Supp. 2d 1011, 1026-27 (N.D. Cal. 2007) (same); *In re Terazosin Hydrochloride Antitrust Litigation*, 160 F. Supp. 2d 1365, 1370-72 (S.D. Fla. 2001).[2]

Liberov is the only named plaintiff who seeks appointment as a class representative for claims brought against Wal-Mart. (Mot. for Class Cert. at 5.) Liberov is a resident of Illinois who allegedly purchased one "medium-sized tin" of Wal-Mart Great Value® brand black pepper from a Wal-Mart store in Illinois. (SAC at ¶ 11.) There is nothing to suggest that either Liberov or any other named plaintiff made any purchases of Wal-Mart's Great Value® brand black pepper outside of the state of Illinois. This is fatal to Plaintiffs' attempt to seek certification of

---

[2] It is appropriate for the Court to consider the standing of the named plaintiff, Liberov, to bring claims in states in which he does not reside and did not make any purchases *before* addressing class certification. In fact, numerous courts have adopted this course of action, rejecting the notion that *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) require deferral of all standing issues until after a decision on class certification is rendered, especially where the standing issue pertains to whether a named plaintiff may bring claims under the laws of states in which the named plaintiff neither resides nor made any purchases. *See, e.g., In re Suboxone Antitrust Litigation*, 64 F.Supp. 3d 665, 691-94 (E.D. Pa. 2014) (addressing standing issues before class certification and dismissing claims, due to a lack of standing, for claims in which the named plaintiff did not reside and did not make any purchases); *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) (same); *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust* Litigation, No. 12-169, 2013 WL 5503308 at *11-12 (D.N.J. Oct. 2, 2013) (same); In *re Packaged Ice Antitrust Litig.,* 779 F. Supp. 2d 642 (E.D. Mich. 2011) (same); *In re Checking Account Overdraft Litig.,* 694 F. Supp.2d 1302, 1324-25 (S.D. Fla. 2010) (same); *In re Wellbutrin XL Antitrust Litigation*, 260 F.R.D. 143 (E.D. Pa. 2009) (same); *In re Potash,* 667 F. Supp. 2d at 920-24 (same). As the *Wellbutrin XL* court explained: "The standing issue in *Ortiz and Amchem* related to proposed class members, i.e., persons who were not yet parties to the case. It would be illogical to find that a non-party lacks standing to pursue a claim precisely because they are not pursuing a claim. Thus, the question of whether the proposed class members could become parties to the case [as class members] was logically antecedent to the question of whether they had standing to make claims against the defendants in those cases. In this case, the Court reviews standing of actual, not proposed plaintiffs." *In re Wellbutrin XL Antitrust Litigation*, 260 F.R.D at 154. *See also In re Potash,* 667 F. Supp. 2d at 920-23. The same logic applies here. Notably, at least one court in the District of Columbia has also held that standing issues need not be deferred until after consideration of class certification. *See Disability Rights Council of Greater Washington v. Washington Metropolitan Transit Authority,* 239 F.R.D. 9, 15-16 (D.D.C. 2006).

one or more classes for purchases of Wal-Mart's Great Value® brand black pepper in states other than Illinois. As the authority set forth above makes plain, one cannot take a single purchase in a single state and, from that, bootstrap claims for other states in which there is no purchases made by any named plaintiff. An Illinois plaintiff, as here, simply does not have standing to represent persons who may have purchased Wal-Mart's Great Value® brand black pepper in New Mexico, California, Washington, or any of the numerous other states for which Plaintiffs seek certification. Accordingly, Liberov cannot serve as a class representative for consumers in other states. Because there is no class representative with standing to bring claims against Wal-Mart outside of the state of Illinois, a class cannot be certified for any claims arising under the laws of any states other than Illinois.[3]

---

[3] It is no answer to this problem for Plaintiffs to assert that a single plaintiff who made purchases in a single state can bring claims on behalf of purchasers in other states. As the Supreme Court has explained, "named plaintiffs who represent a class must allege and show ***that they personally have been injured***, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotation omitted) (emphasis added). This means that, "[d]espite the fact that a matter is pled as a putative class action, the named plaintiffs must establish their own standing to assert each claim against the defendant, just as in any matter that does not contain class allegations." *Kahn v. Option One Mortg. Corp.*, No. Civ. A. 05-5268, 2006 WL 156942 at *7 (E.D. Pa. Jan. 18, 2006). Because Liberov only purchased Great Value® pepper in Illinois, he does not have standing to pursue claims under the consumer protection statutes of other states. Indeed, to permit Plaintiffs to pursue claims arising in states in which they did not make purchases would contradict the reasoning of the Supreme Court's recent decision in *Bristol-Myers Squibb v. Superior Court of* California, 137 S. Ct. 1773 (2017). Though *Bristol-Myers* addressed issues of personal jurisdiction, its logic applies with equal force here. Rooted in the principle that each state has an interest in the enforcement of its laws, with plaintiffs who have a specific link to the state, the Court rejected the notion that, merely because one plaintiff may have a viable claim, it can serve as the basis for a plethora of related claims that arose in other states. *Id.* at 1781 ("The mere fact that *other* plaintiffs were prescribed, obtained and ingested [a drug] in California . . . does not allow the State to assert specific jurisdiction over the nonresidents claims.").

### III. LIBEROV DOES NOT HAVE STANDING TO REPRESENT THE PROPOSED CLASS BECAUSE HE KNEW OR SHOULD HAVE KNOWN OF THE ALLEGED "SLACK-FILLING" AT THE TIME OF HIS PURCHASE.

Liberov likewise does not have standing to bring claims under any state laws, including those of Illinois, because he purchased his tin of Great Value® brand black pepper several months after the instant suit was filed. Ordinarily, putative class members are charged with notice of the alleged wrongdoing at the time that a class action is filed on their behalf. *See, e.g., Nicpon v. Goehausen III*, No. 89 C 5674, 1991 WL 5866, at *1-2 (N.D. Ill. Jan. 15, 1991) (observing that plaintiffs "had sufficient knowledge of the facts to arouse their suspicion more than one year before" they filed their instant suit because they were members of a class that had filed a previous suit with similar allegations); *see also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000) (charging a plaintiff with constructive knowledge of the events underlying her cause of action where a CBS affiliate had reported the filing of a class action lawsuit against the defendants involved in the litigation).

Julia Vladimirskiy and Bernard Ortiz filed a class action complaint against Wal-Mart in the Northern District of Illinois on September 15, 2015. (Ex. 1). Their complaint outlined all of the central tenets of Plaintiffs' consolidated complaints in the instant action, thus putting Liberov, and all other purchasers of Great Value® brand pepper products on or after September 15, 2015, on notice of the alleged deception. Liberov himself was not added as a named plaintiff until November 11, 2016 (ECF No. 96), more than a year after the first complaints were filed in this matter, and he claims to have purchased a tin of Great Value® pepper as late as early 2016 (Liberov Dep. at 11). Thus, by the time Liberov made his purchase, the alleged slack fill of Great Value® pepper containers was public knowledge; indeed, Liberov was a putative member of the class. Accordingly, at the very least, Liberov was on constructive notice of the alleged slack fill and could not have been deceived—and, therefore, was not harmed—by his purchase of

the reduced-fill Great Value® brand black pepper product. As such, he does not have standing to bring claims relating to his purchase under the consumer protection or unjust enrichment laws of any state. Without standing to assert his own claims, Liberov cannot assert claims on behalf of anyone else. *Lewis*, 518 U.S. at 537.

## CONCLUSION

For the foregoing reasons, as well as those stated in McCormick & Company's Opposition to Plaintiffs' Motion for Class Certification, Wal-Mart respectfully requests that the Court deny Plaintiffs' Motion for Class Certification with regard to claims brought against Wal-Mart.

Dated: August 28, 2017

Respectfully submitted,

By: /s/ Andrew G. Klevorn

Andrew G. Klevorn
Yoni Rosenzweig
Kristin L. Coveney
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, Illinois 60661-3693
Tel: (312) 902-5200
Fax: (312) 902-1061
andrew.klevorn@kattenlaw.com
yoni.rosenzweig@kattenlaw.com
kristin.coveney@kattenlaw.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date via the CM/ECF system.

Dated: August 28, 2017

                                                             /s/   Andrew G. Klevorn
                                                            Andrew G. Klevorn