## <u>EXHIBIT B</u>

## Declaration of Scott A. Kamber

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 2665 |
|  | Case No. 15-1825 (ESH) |
| *This Document Relates To*: ALL CLASS ACTIONS |  |

**DECLARATION OF SCOTT A. KAMBER IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Scott A. Kamber, declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of New York, am admitted to practice before this court, and am Managing Partner of the law firm of KamberLaw, LLC ("KamberLaw"). I was appointed by this Court to serve as Co-Class Counsel in the above-captioned litigation, and make this declaration in support of Plaintiffs' motion for preliminary approval of class action settlement.

2.      On December 8, 2015, the United States Judicial Panel on Multidistrict Litigation ordered that the then-pending cases in this Action:

- *Dupler v. McCormick & Company, Inc.,* No. 2:15-cv-3454 (E.D.N.Y.)
- *Jung v. McCormick & Company, Inc.,* No. 1:15-cv-01148 (D.D.C.)
- *Bunting v. McCormick & Company, Inc.,* No. 3:15-cv-1648 (S.D. Cal.)
- *Marsh v. McCormick & Company, Inc.,* No. 2:15-cv-1625 (E.D.N.Y.)
- *Pellitteri v. McCormick & Company, Inc.,* No. 9:15-cv-81521 (S.D. Fl.)
- *Vladimirsky v. McCormick & Company, Inc.,* No. 1:15-cv-08102 (N.D. Ill.)
- *Bittle v. McCormick & Company, Inc.,* No. 3:15-cv-00989 (S.D. Ill.)
- *Barnes v. McCormick & Company, Inc.,* No. 3:15-cv-01224 (S.D. Ill.)
- *Theis v. McCormick & Company, Inc.,* No. 3:15-cv-01228 (S.D. Ill.)
- *Linker v. McCormick & Company, Inc.,* No. 4:15-cv-01340 (E.D. Mo.)
- *Thornton v. McCormick & Company, Inc.,* No. 3:15-cv-00566 (Nev.)
- *Ferreri v. McCormick & Company, Inc.,* No. 7:15-cv-06760 (S.D.N.Y.)

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement
P a g e  | 1

- *Marron v. McCormick & Company, Inc.*, No. 1:16-cv-0104 (D.D.C.)
- *Fernandez v. McCormick & Company, Inc.*, No. 1:16-cv-0117 (D.D.C.)
- *Gerstnecker v. McCormick & Company, Inc.*, No. 2:15-cv-01671 (W.D. Pa.)

be centralized in the United States District Court for the District of Columbia.  *See* December 8, 2015 Transfer Order.  *See* Dkt No. 1.

3.      On March 2, 2016, Plaintiffs filed their Consolidated Amended Class Action Complaint asserting that McCormick and Company, Incorporated ("McCormick" or "Defendant") improperly implemented a price increase by decreasing the quantity of pepper in both certain McCormick®-branded pepper containers and certain store-branded pepper containers that were supplied by McCormick.  Plaintiffs also assert that McCormick misled them about the reduction in quantity by keeping the non-transparent containers the same size in violation of the Sherman Act (15 U.S.C. § 1); violations of the Federal Food, Drug and Cosmetic Act (FDCA) Section 403 (21 U.S.C. § 343); Section 403(d) (21 U.S.C. § 403(d); the Code of Federal Regulations Title 21 part 100, *et seq.*; the Lanham Act, 15 U.S.C. § 1125, and those similar deceptive and unfair practices and/or consumer protection state laws in twenty-five states; and Unjust Enrichment.  *See* Dkt. No. 34.

4.      On March 30, 2016, McCormick filed its Motion to Dismiss the Consolidated Amended Class Action Complaint filed by Plaintiffs.  *See* Dkt No. 38.  In addition, then-Defendant Wal-Mart filed its Motion to Dismiss the Consolidated Amended Class Action Complaint filed by Plaintiffs.  *See* Dkt No. 40.

5.      On April 27, 2016, Plaintiffs filed their Consolidated Response in Opposition to McCormick and Walmart's Motions to Dismiss.  *See* Dkt No. 43.

6.      On May 18, 2016, Defendant McCormick, and then-Defendant Wal-Mart filed their respective Replies in Support of their Motions to Dismiss.  *See* Dkt Nos. 47 and 49.

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                                    P a g e | 2

7.      On September 7, 2016, Plaintiffs Marron, Hilla, Ortiz, and Ferreri voluntarily dismissed themselves from the above-captioned litigation without prejudice to any rights they may have individually and to their rights as unnamed members of the putative classes in the litigation. *See* Dkt No. 68.

8.      On November 11, 2016, the Court granted in part and denied without prejudice in part Defendants' Motions to Dismiss.  Specifically, Count I, the Sherman Act claim, was dismissed with prejudice.  *See* Dkt Nos. 97 and 98.

9.      On December 9, 2016, Plaintiffs filed their Motion for Reconsideration of the Court's Order on the Defendants' Motions to Dismiss, with the matter being fully briefed by the Parties.  *See* Dkt Nos. 105, 110, 112, 116.

10.     On March 21, 2017, the Court granted the Plaintiffs' Motion for Reconsideration, and amended its Order to reflect Count I is dismissed *without* prejudice and allowing the Plaintiffs to file their Second Amended Consolidated Class Action Complaint ("Second ACC").  *See* Dkt Nos. 126 and 127.

11.     On March 21, 2017, Plaintiffs filed the Second ACC.  *See* Dkt Nos. 128 and 129.

12.     On April 7, 2017, McCormick and Wal-Mart moved to dismiss the Second ACC. *See* Dkt Nos. 132 and 134.  Plaintiffs filed their Opposition on May 5, 2017, Dkt No. 138 and the Defendants filed their Replies on May 19, 2017.  *See* Dkt Nos. 140 and 141.

13.     On June 13, 2017, the Court dismissed Count 1, the Sherman Act claim, with prejudice. *See* Dkt Nos. 148.

14.     On July 5, 2017, McCormick and Wal-Mart each filed an Answer to the Second ACC, in which they respectively denied the material allegations of the Second ACC and any and all liability with respect to all facts and claims alleged therein, and further denied that any of the

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                      P a g e | 3

putative Class Members or anyone has suffered any harm or damage or is entitled to any monetary or relief whatsoever in connection with the Action.  *See* Dkt Nos. 151 and 153.

15.      On July 10, 2019, after a complete briefing of the issue of class certification by the Parties, the Court granted class certification to three state consumer protection classes, for the States of California, Florida, and Missouri, leaving McCormick the only remaining Defendant. *See* Dkt No. 212.

16.      On July 24, 2019, Defendant McCormick filed its Petition for Interlocutory Appeal from the Court's July 10, 2019 Order to the District of Columbia Circuit Court of Appeals and a Motion to Stay the proceedings.  *See* Dkt No. 215.

17.      On September 20, 2019, the United States Court of Appeals denied Defendant McCormick's petition.  *See* Dkt No. 220.

18.      Class Counsel represents that they conducted an examination and investigation of the facts and law relating to the matters in this Action, including, but not limited to, engaging in discovery, review and analysis of over 70,000 pages of documents of Defendants, and relevant third parties' (including suppliers and retailers), and conducting a damage analysis.

19.      Class Counsel also represents that they evaluated the merits of the Parties' contentions and evaluated this Settlement, as it affects all Parties, including Class Members.  The Class Representatives and Class Counsel, after taking into account the foregoing, along with the risks and costs of further litigation, represent that they are satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate, and that this Settlement is in the best interest of the Class Members.

20.      Defendant, while disclaiming all liability with respect to all claims, considers it desirable to resolve the three certified state classes on the terms stated in the Agreement, in order

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                                              P a g e | 4

to avoid further expense, inconvenience and burden and, therefore, has determined that the Agreement is in Defendant's best interests.

21.     The Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in the Action, or of any fault on the part of Defendant, and all such allegations expressly are denied.

22.     Substantial settlement negotiations have taken place between the Parties, including three (3) mediation sessions (on October 27, 2016 and November 29, 2017, and January 19, 2019), conducted with the assistance of Honorable James Robertson (Ret.), JAMS, in Washington DC; as well a mediation session on October 2, 2019, conducted with the assistance of Nancy Lesser of PAX ADR, in Washington, D.C.

23.     I have actively participated in all aspects of this litigation, including the negotiation of the settlement, and am fully familiar with the proceedings in the matter in which the parties seek resolution. If called upon, I am competent to testify that the following facts are true and correct based upon my personal knowledge.

24.     From the inception of this litigation, Class Counsel have jointly and aggressively prosecuted this case and vigorously represented the best interests of Class Members, including by investigating the facts, reviewing and analyzing documents, assembling and drafting pleadings, conducting legal research, engaging in extensive discovery, and communications with counsel for Defendant.

25.     Such discovery and investigations have included the exchange of information between the parties through formal discovery; the review of over 70,000 pages of documents, meetings and conferences between representatives of the parties; noticing, preparing for and

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                    P a g e | 5

defending or conducting over two dozen depositions; retention of an expert; and service of third-party subpoenas.

26.     Since the last mediation session on October 2, 2019,  the Parties have continued to negotiate with one another to flesh out the settlement framework and details of the proposed implementation of the Settlement, and exchange information regarding settlement details.

27.     As a result, the Parties have agreed under the proposed Settlement that McCormick will pay $2.5 million into the Settlement Fund for compensation to Class Members as monetary benefits.  *See* Settlement Agreement attached as Exhibit A to the Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law.

28.     The $2,500,000 Settlement Fund here is more than one third of the total compensatory damages that Plaintiffs calculated would be due to Class Members in the three certified states.

29.     The parties have selected Heffler Claims Group, a qualified and reputable third-party administrator, to issue Notice to Class Members, receive exclusion requests, process claims, respond to inquiries, pay claims to Class Members, and conduct other activities relating to class notice and administration under the Parties' supervision.

30.     The settlement process was overseen first by Judge Robertson, and then by Nancy Lesser. At no point prior to reaching agreement on the substantive terms of settlement did the Parties discuss the amount of any incentive fees or payments to Class Counsel.

31.     To date, Class Counsel have not been paid for their extensive efforts, or been reimbursed for costs incurred.  As such, if the Settlement is preliminarily approved, Class Counsel will seek an award of attorneys' fees, costs and expenses from the Court at the Final Fairness Hearing.  At that time, Class Counsel will apply for a fee award of no more than $650,000. This

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                    P a g e | **6**

amount represents 25% of the total $2.5 million value of the Settlement Fund, exclusive of interest accumulated.   This fee award will be significantly less than the total lodestar expended on this case by Class Counsel. In addition, Class Counsel will seek reimbursement of out of pocket expenses consistent with the standards and benchmarks for reimbursement of costs as set forth by this District and the DC Circuit.

32.     Class Counsel further represents that, consistent with controlling law and the ethical standards promulgated by the District of Columbia Bar, no Plaintiff attorneys have requested or been offered any compensation, appointment, or benefit by Defendant during negotiations related to the settlement of this case other than the proposed attorneys' fees and costs outlined above, which are subject to court approval.

33.     I believe that this award is reasonable in relation to the results achieved for Class Members and the efforts of counsel.  Further, such an award is supported by the benchmarks for fee awards, costs and expenses in this District and the DC Circuit.  A full and complete fee application will be made pursuant to the schedule set by the Court for Final Approval.

34.     Plaintiffs also seek an award of $5,000 for each Representative Plaintiff, as incentive compensation for bringing this representative action.

35.     The Class Representatives here have assisted Class Counsel in this litigation by expending time and resources (including missing work) to review key pleadings, preparing for their depositions and being deposed, and responding to discovery requests.

36.     In addition, each Representative Plaintiff has reviewed and approved the terms of the Settlement.

37.     Throughout the extensive mediation and negotiation efforts, and in advising our clients of the proposed settlement, Class Counsel has at all times considered the fairness,

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                    P a g e  | 7

reasonableness and adequacy of the Settlement for the Classes, taking into account: the strength of Plaintiffs' case; the risk, expense complexity and likely duration of any further litigation; the risk of maintaining class action status through trial; the amount offered in Settlement and the experience and views of Plaintiffs' counsel.  Against the backdrop of Class Counsel's collective experience in prosecuting complex class actions, we have considered the claims set forth in the Complaint and our continued confidence in the merit of those claims, the scope of relief offered in the Settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation.  Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable and adequate, well within the range of possible approval, and therefore deserving of the Court's preliminary approval.

38.     Class Counsel have diligently investigated and prosecuted this matter, dedicating substantial time, effort, resources, and expertise to the investigation of the claims at issue in the Action, and have successfully negotiated the settlement of this matter to the substantial benefit of the Classes.

39.     The qualifications of Class Counsel and their extensive experience in prosecuting complex class actions and other complex litigation, including firm resumes, were submitted to the Court prior to its appointment of Interim Lead Counsel, and are incorporated here by reference. *See* Dkt. Nos. 19 & 22.  To update and supplement that information, attached hereto as Ex. 1 is a firm resume for Fegan Scott, LLC.

40.     Having reached full agreement on terms and conditions of a settlement, the Parties now seek the Court's preliminary approval of the Settlement.

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                                 P a g e | **8**

41.    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on January 21, 2020
Avon, Colorado

_____
Scott A. Kamber

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Preliminary Approval
of Class Action Settlement                                                    P a g e | 9

# EXHIBIT 1

**Fegan Scott, LLC Resume**



## FEGAN SCOTT, LLC

Launched in Chicago in 2019, FeganScott LLC is a nationwide class-action law firm dedicated to helping victims of sexual abuse, discrimination, consumer fraud, antitrust violations, toxic torts, and community-driven legal needs. The Firm is growing at a quick but concerted pace, with offices recently launched in New York, New York, Pittsburgh, Pennsylvania and Washington, D.C. Built on the success of founder Elizabeth A. Fegan and experiences of seasoned civil and commercial trial attorney Timothy A. Scott, the firm's legal industry veterans have recovered more than $1 billion for clients.

An essential part of the firm's commitment to justice is Beth's role leading the #MeToo movement in the courts. Beth fights for restitution for women abused by Harvey Weinstein and female students who were mistreated by a USC gynecologist in the student health center. Beth has also successfully tailored creative results for the benefit of nationwide classes, settling a nationwide class action alleging sexual harassment on behalf of 16,000 current and former female employees of a commercial property brokerage firm. In addition to requiring changes to human resources policies and procedures, the innovative settlement afforded class members the opportunity to participate in a streamlined claims process that provides the potential for individual awards up to $150,000 per class member.

Before FeganScott, Beth and her husband Tim launched the Chicago office for Hagens Berman Sobol Shapiro, which Beth led for 15 years.

Built on core values of justice, integrity and excellence, FeganScott isn't simply another law firm, it's a passionate group of skilled lawyers who put clients first – fighting to impose accountability and enact global change. More information regarding the firm and its current cases can be found at www.feganscott.com.

150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph. 312.741.1019
Fax 312.264.0100

1200 G Street, N.W., Suite 800
Washington, D.C. 20005
Ph. 202.434.8993
Fax 202.217.2814

500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Ph. 412.515.1529
Fax 412.785.2400

1458B Sycamore Rd.
Yorkville, IL 60560
Ph. 630.273.2625
Fax 312.264.0100

**feganscott**

### _Elizabeth A. Fegan_

Founder and Managing Member Elizabeth Fegan fights for victims of sexual abuse, discrimination, consumer fraud, antitrust violations, toxic torts, and other offenses. In 24 years practicing law, Beth has recovered more than $1 billion for her clients nationwide.



Beth is on the vanguard in the legal battles surrounding sexual assault, abuse and harassment. She currently serves as lead counsel in the class action lawsuit against disgraced movie mogul Harvey Weinstein, focusing on claims of sexual abuse and sex trafficking.

While working on the front lines of the #MeToo and #TimesUp movements, Beth has fought for female students abused by a University of Southern California health center gynecologist. She also settled a nationwide class action alleging sexual harassment on behalf of 16,000 current and former female employees of a commercial property brokerage firm. This case in particular is an example of Beth's history of successfully and creatively tailoring results for the benefit of victims nationwide. With Beth's streamlined claims process, class members were awarded up to $150,000 each.

Beth also fights for women in her own profession. She authored "An Opportunity or Landmine: Promoting Gender Diversity From The Bench" (The Federal Lawyer, May 2016) and participated in The Duke Judicial Law Center's Distinguished Lawyers conference on "Guidelines and Best Practices Addressing Chronic Failure to Diversify Leadership Positions in the Practice of Law."

Courts regularly appoint Beth to lead national class-action cases, citing her robust experience, legal prowess and dedication to excellence and equity, including in the area of medical monitoring.

In 2019, Beth and her husband, Timothy Scott, founded FeganScott, a national law firm specializing in class-action cases, high-stakes, contingent-fee litigation and

**feganscott**

community-driven legal needs. The practice manages a variety of complex class actions and high-stakes individual cases.

Prior to founding FeganScott, Beth launched the Chicago office of Hagens Berman Sobol Shapiro, where she grew the firm significantly during her 15 years of leadership as managing partner. Before that, she was partner at The Wexler Firm in Chicago, where she launched her plaintiffs'-side career as interim managing partner.

Additionally, as an associate at Shefsky & Froelich in Chicago, Beth served in several local government appointments, including positions as special assistant corporation counsel to the City of Chicago, the Chicago Park District and the Public Building Commission of Chicago. She also served on special master teams in federal and state court class actions, including with the Hon. Wayne Andersen (ret.), Northern District of Illinois. From 2001-2004, Beth taught legal writing at her alma mater, Loyola University Chicago School of Law.

**CASE HIGHLIGHTS**

- *In re NCAA Student-Athlete Concussions* ($75 million settlement): As part of the lead counsel team in this medical monitoring class action on behalf of all current and former NCAA student-athletes, Beth achieved a historic $70-million dollar, 50-year medical monitoring program to diagnose short- and long-term effects from post-concussion syndrome and the accumulation of subconcussive hits. The settlement received final approval in 2019.

- *USC Student Health Center Sexual Abuse* (C.D. Cal.)*:* in this Title IX and negligence action for sexual abuse by a university gynecologist of thousands of students, Beth was part of the lead counsel team for the nationwide class. The parties reached a $240 million settlement, which received preliminary approval in 2019. The final fairness hearing was held in early January 2020.

- *Berry v. City of Chicago*, No. 124999 (Ill. Sup. Ct. 2019). As Lead Counsel in this state court action, Ms. Fegan seeks to recover on behalf of City residents whose lead service pipes (for water) were partially replaced by the City during construction. The lawsuit seeks medical monitoring for increased lead exposure and damages for inverse condemnation. While the trial court dismissed the

**fegan**scott

action, the Illinois appellate court reversed, finding that "Where such [medical monitoring] testing is made necessary by defendant's breach of duty, courts have found that the testing itself is 'a present injury compensable in a tort action.'" *Berry v. City of Chicago*, 2019 Ill. App. LEXIS 356, *20 (Ill. App. May 22, 2019).[1]

- *In re Stericycle, Inc., Sterisafe Contract Litig.*: in this nationwide class action for breach of contract and consumer fraud, Beth was part of the lead counsel team for the nationwide class, with the Hon. Milton Shadur recognizing Beth as having "outstanding credentials."[2] The case settled for $295 million and final approval was granted in March 2018.

- *Senior annuities consumer protection class actions*: In a series of class actions against insurance companies that sold equity-indexed deferred annuities that targeted, but were not appropriate for, senior citizens, Beth and Tim were appointed to lead counsel and executive committee positions.   These cases led to numerous settlements, including in American Equity Senior Annuities Fraud (C.D. Cal.) ($129 million settlement) and Midland Senior Annuities Fraud (C.D. Cal.) ($79.5 million settlement).

- *Baby Products Antitrust* (E.D. Pa.): As lead counsel for a class of consumers overcharged for high-end baby products (e.g. strollers, high chairs) as the result of a price-fixing conspiracy between Babies 'R Us and baby product manufacturers, Beth achieved a $35 million settlement after class certification was granted, summary judgment denied, and on the eve of trial.

- *"Thomas the Tank Engine" Toys Lead Paint Products Liability Litig.* (Ill. Cir. Ct., Cook County 2008). As Lead Counsel in a federal court action for medical monitoring for children exposed to toys painted with lead paint, Ms. Fegan intervened in a state court action and ultimately achieved the settlement of a

---

[1] The City of Chicago has appealed the appellate court decision to the Illinois Supreme Court, which appeal is pending.
[2] *In Re: Stericycle, Inc., Sterisafe Contract Litigation*, MDL No. 2455, Case No. 13 C 5795 (N.D. Ill.) (ECF No. 56).

www.feganscott.com
www.facebook.com/feganscottlaw

**feganscott**

nationwide class action for $30 million, including refunds for the contaminated products and the costs of blood lead testing for exposed children.

## EDUCATION

- Loyola University Chicago School of Law, Juris Doctor (1995)
  - Editor, Loyola Law Journal; CALI award (Legal Writing); Leadership and Service award
  - Temple University School of Law Japan – Tokyo, Japan, Spring Semester 1994
- Michigan State University, B.A. International Relations (June 1992)
  - Minor Certifications: Japanese, French, East Asian Studies

## AWARDS

- Lawdragon
  - 500 Leading Consuming Lawyers in America (2020)
  - 500 Leading Lawyers in America (2019)
- The National Trial Lawyers Association
  - Top 100 Civil Plaintiff's Lawyers (2020)
  - Top 100 Trial Lawyers (2015)
- Illinois Super Lawyer, Super Lawyers Magazine (2016, 2017, 2018, 2019)
- Woman of Influence 2017, Best Lawyers, Business Edition (Spring 2017)
- Award for Outstanding Section (Civil Rights) Newsletter of the Year, AAJ (2005-06)

## PUBLICATIONS AND PRESENTATIONS

Editorial Board Committee (2015-18), The Federal Lawyer (Federal Bar Association): Judicial Profiles Editor (2017-18), Articles Editor (2016-17), Proof Editor (2015-16)

At Sidebar column: "From Litigator to Trial Lawyer," The Federal Lawyer (March 2018)

"You Have Class! How to Identify Potential Class Actions in Your Everyday Practice," Keynote Speaker, West Suburban Bar Association (Sept. 2016)

5

# feganscott

At Sidebar column: "FBA Convention and Ohio Spotlight," The Federal Lawyer (August 2016)

"An Opportunity or Landmine: Promoting Gender Diversity From The Bench," The Federal Lawyer (May 2016)

"Post-Certification Strategies," Presentation, Class Action Litigation in America – A National Symposium, American Bar Association (March 2016)

Co-Chair, HarrisMartin's MDL Conference: Herbal Supplements Litigation (2015)

"Recent Trends in Ascertainability," National Consumer Class Action Conference, Bridgeport Continuing Education (2014)

Consumer Litigation Roundtable (including 15 judges and lawyers) (N.D. Ill. 2013)

 "What's wrong with owning your power?" Presentation, Women's Trial Lawyers Caucus Summit (AAJ 2012)

"Motions to Dismiss Under Rule 12(b)(6): Updating Your Playbook After the *Twombly* and *Iqbal* Cases," Law Seminars International (2011)

Contributing Editor, 2013 Annual Review of Antitrust Law Developments (ABA 2014); 2007 Annual Review of Antitrust Law Developments (ABA 2008)

Newsletter Editor, Civil Rights Section, American Association for Justice (2005-06)

"Home Rule Hits the Road in Illinois: *American Telephone & Telegraph Company v. Village of Arlington Heights*," Loyola Law Journal (1995)

Editor-at-Large, Loyola University Chicago Law Journal (1994-95)

## ADMISSIONS

- State of Illinois
- United States District Courts: Northern, Central, Southern Districts of Illinois; District of Colorado; Eastern District of Michigan; Federal Court of Claims
- United States Courts of Appeal: First, Second, Third, Seventh, Eighth, Ninth, and D.C. Circuit

www.feganscott.com
www.facebook.com/feganscottlaw

**feganscott**

### _Jessica H. Meeder_



Jessica H. Meeder, Of Counsel at FeganScott, has been litigating class action, multi-district, and multi-plaintiff cases in state and federal courts for over a decade. Jessica plays a key role in building strong and successful cases on behalf of the individuals, corporations, and families that FeganScott represents.  She is particularly skilled at effectively developing, briefing, and arguing creative legal theories and approaches, and she brings a high degree of depth, nuance, and dedication to every aspect of her work.  Jessica recently opened FeganScott's Washington D.C. office.

Jessica's passionate advocacy has resulted in numerous favorable judicial opinions, at both the trial court and appellate court levels, thus ensuring her clients a path to justice.  These opinions include the following.

- _M.S., et al. v. Hamilton County Department of Education, et al.,_ 756 Fed.Appx. 510 (6th Cir. 2018) is a pending putative class action filed on behalf of dozens of schoolchildren, pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment, as a result of a deadly school bus crash that occurred in November 2016.  The district court dismissed plaintiffs' complaint for failure to state a claim; we secured reversal of that decision on appeal.

- _Boler, et al. v. Earley, et al.,_ 865 F.3d 391 (6th Cir. 2017), _cert. denied._ 138 S.Ct. 1294 (2018).  _Boler_ was the second class action filed on behalf of Flint, Michigan residents for their toxic and valueless water.  The district court dismissed plaintiffs' complaint, brought under 42 U.S.C. § 1983, the Contracts Clause, and state tort law, finding that it was preempted by the Safe Drinking Water Act.  We secured reversal of that decision on appeal.

www.feganscott.com
www.facebook.com/feganscottlaw

# feganscott

- *In re Behr Dayton Thermal Products, LLC,* Dkt. 274, Case No. 3:08–cv–326 (S.D. Ohio March 20, 2017), *aff'd* 896 F.3d 405 (6th Cir. 2018), *cert. denied,* 139 S.Ct. 1319 (2019). Defendants contaminated hundreds of residential properties with toxic chemicals, causing decades of ongoing property damage and loss. The district court granted class certification pursuant to Fed.R.Civ.P. 23(c)(4), properly concluding that action-wide predominance is not necessary to grant issues class certification. Its decision was upheld on appeal.

Prior to joining FeganScott in 2019 and opening its Washington, D.C. office, Jessica was a partner at a preeminent Baltimore-based law firm where she spearheaded its national class action and mass torts practices. She previously worked for several nationally prominent defense firms, where she practiced environmental regulation and permitting, pharmaceutical defense, and general insurance defense. Her experience representing insurance companies and defending businesses across multiple practice areas has made her an especially effective advocate for her injured clients.

Jessica is an invitation-only participant in the Duke Law Judicial Studies Center's Diversity Conference, which develops the *Guidelines and Best Practices Addressing Chronic Failure to Diversity Leadership Positions in the Practice of Law*, and the Duke Law Conference entitled Evaluating the 2015 Discovery-Proportionality Amendments and *Bolch-Duke Guidelines and Best Practices*. She is currently Chair of the American Association for Justice's Section on Toxic, Environmental, and Pharmaceutical Torts.

## CASE HIGHLIGHTS

- *M.S., et al. v. Hamilton County Department of Education, et al.,* Case No. 1:16-cv-00501 (E.D. Tenn.) (currently pending), a pending putative class action brought under the Fourteenth Amendment and 42 U.S.C. § 1983 on behalf of dozens of school children injured or killed as a result of a November 1, 2016 bus crash.

- *Diallo, et al. v. AAAfordable Transportation LLC, et al.,* Case No. 24-C-17-005079 (Cir. Ct. for Baltimore City, Maryland), a consolidated multi-plaintiff action and putative class action brought on behalf of 17 individuals who were injured or killed in a tragic bus crash in November 2016 in Baltimore, Maryland. Successfully resolved prior to trial for more than 80% of the plaintiffs' highest damages values.

8

**fegan**scott

- *Boler, et al. v. Earley, et al.,* Case No. 2:16-cv-10323 (E.D. Mich), the second class action case filed on behalf of Flint, Michigan residents for their toxic and valueless water; dismissal was successfully appealed to the Sixth Circuit, paving the way for future compensation.

- *Scales, et al. v. Mid-Atlantic Permanente Medical Group, et al.,* Case No. CAL17-18720 (Cir. Ct. for Prince George's County, Maryland), one of several multi-plaintiff actions brought in state court against several Kaiser Permanente entities and Dr. Bryan Williams regarding Williams' long-term sexual assault of his female patients; successfully resolved during discovery.

- Former counsel in *In re Behr Dayton Thermal Products, LLC,* Case No. 3:08–cv–326 (S.D. Ohio), a groundwater contamination case in which plaintiffs successfully achieved issues-class certification, which was upheld on appeal.

- *True, et al. v. Catholic Health Initiatives, et al.,* Case No. 13-cv-00065 (D. Md.), a putative class action brought on behalf of hundreds of individuals who received unnecessary cardiac stents from Dr. Mark Midei; successfully resolved during discovery.

- Former Maryland State Liaison, *In re: New England Compounding Pharmacy, Inc. Prod. Liab. Litig.,* Case No. 1:13-md-02419 (D. Mass.).

- *In re: Skechers Toning Shoe Prod. Liab. Litig.,* Case No. 3:11-md-02308 (W.D. Ky.), a multi-district litigation brought by purchasers of Skechers toning shoes who suffered personal injury as a result of the shoe's defective design.

www.feganscott.com
www.facebook.com/feganscottlaw

# feganscott

## EDUCATION

- University of Maryland School of Law, Juris Doctor (2005)
    - Staff Editor and Associate Editor of the University of Maryland Law Journal of Race, Religion, Gender and Class
    - Certificate of Concentration in Environmental Law
- University of Washington, Seattle, B.A., Comparative History of Ideas (2002)
    - *Phi Beta Kappa*
- Landegg International University, Weinacht-Tobel, Switzerland, 1999

## CLERKSHIPS

- Honorable Robert M. Bell, Chief Judge of the Maryland Court of Appeals, 2005-2006

## ACTIVITES AND ORGANIZATIONS

- American Association for Justice
    - Chair, Section on Toxic, Environmental, and Pharmaceutical Torts
    - Former Co-Chair, Talcum Powder Litigation Group
- Member, Maryland Association for Justice
- Member, The Women's Bar Association of Maryland
- Invitation-Only Participant, Duke Law Judicial Studies Center Conference regarding *Guidelines and Best Practices Addressing Chronic Failure to Diversify Leadership Positions in the Practice of Law*
- Invitation-Only Participant, Duke Law Conference on Evaluating the 2015 Discovery-Proportionality Amendments and *Bolch-Duke Guidelines and Best Practices*

## ADMISSIONS

- Maryland, District of Columbia
- United States Supreme Court
- United States Court of Appeals for the Sixth Circuit
- United States District Courts for the Districts of Maryland, District of Columbia, Colorado, and Eastern District of Michigan

www.feganscott.com
www.facebook.com/feganscottlaw