# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates To*:<br>ALL CLASS ACTIONS | MDL Docket No. 2665<br>Case No. 15-1825 (ESH) |

### PLAINTIFFS' MOTION TO COMPEL SAFEWAY, INC. AND TARGET CORP. TO COMPLY WITH SUBPOENAS

### I.   INTRODUCTION

Plaintiffs served several non-party retailers, including Safeway, Inc. ("Safeway") and Target Corp. ("Target"), with subpoenas to produce data relevant to Plaintiffs' claims.[1] Among other items not at issue here, each subpoena seeks transaction-level sales data reflecting the identities of class members ("Class Member Lists"), i.e., purchasers of the black pepper products at issue.

Plaintiffs now need to obtain the contact information for known class members in order to provide direct notice and/or payment to additional class members pursuant to Fed. R. Civ. P. 23 (c)(2)(B) and 23(e)(1). However, during meet and confers, Safeway has taken the stance that it will not produce the Class Member Lists, and Target has indicated it needs a court order to do so. Plaintiffs thus respectfully request that their motion to compel the production of Class Member Lists be granted.

### II.   PROCEDURAL STATUS

Here, Plaintiffs and McCormick have agreed to settle this matter on behalf of the three

---

[1] *See* Ex. 1 (subpoenas issued to Safeway and its parent company Albertson's Companies, Inc.); Ex. 2 (subpoena issued to Target). All references to "Ex. __" are to exhibits to the Declaration of Elizabeth Fegan filed herewith.

- 1 -

state classes (California. Florida, and Missouri) certified by this Court ("Settlement Classes). This Court preliminarily approved the Settlement on January 27, 2020. (Dkt. # 225).

During the hearing on the Motion for Preliminary Approval, Plaintiffs explained that they had contacted the retailers who provided declarations for purposes of class certification indicating that they had preserved Class Member Lists. *See* Declaration of Elizabeth A. Fegan ("Fegan Delc."), ¶ 3. Of those retailers, Plaintiffs learned that just Safeway and Target maintained Class Member Lists for the Settlement Classes. Fegan Decl., ¶¶ 6, 7, 11. Accordingly, Plaintiffs requested that Safeway and Target produce the Class Member Lists for the Settlement Classes. Fegan Decl., ¶¶ 8, 12.

Target has requested a court order to do so. Fegan Decl., ¶ 14. Safeway has indicated that it objects to the production of the Class Member Lists based on contractual provisions prohibiting the sharing of customer data. Fegan Decl., ¶ 10. Accordingly, Plaintiffs bring this motion.

### III.    LEGAL ARGUMENT

**A.    This Court has jurisdiction to enforce the subpoenas.**

This Court has jurisdiction to enforce subpoenas issued by Plaintiffs in other jurisdictions as the multidistrict litigation statute grants this Court statutory authority to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. *See In re Disposable Contact Lens Antitrust Litig.,* 306 F. Supp. 3d 372, 378 (D.D.C. 2017) ("courts in this district, the [MDL court's] district, and elsewhere have held that the transferee judge who manages an MDL has jurisdiction under section 1407 (i.e., the statute authorizing MDL proceedings) to enforce a subpoena that requires compliance in another district, despite the procedural

requirements of Rule 45.").[2] Accordingly, as the Court overseeing this MDL litigation, this Court has the authority to enforce the Subpoenas served on Target and Safeway.

**B.     Disclosure of customer lists is appropriate to provide direct notice or settlement relief to members of a certified class.**

Fed. R. Civ. P. 23 (c)(2)(B) provides: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23 (e)(1); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.311 (2004) ("When the names and addresses of most class members are known, notice by mail usually is preferred.") (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978)) (emphasis omitted). Thus, it is standard practice for plaintiffs to subpoena third parties to obtain class member lists for the purpose of providing notice. *See, e.g., In re: : Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, No. 09-md-2023 (BMC), 2012 U.S. Dist. LEXIS 143955, at *14 (E.D.N.Y. Oct. 2, 2012) ("As a threshold matter, it is rather standard practice for plaintiffs to subpoena third parties, in contexts similar to this one, in order to obtain information for the purpose of providing notice.").[3]

---

[2] *See also U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006); ("A judge presiding over an MDL case therefore can compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted."); *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (noting that the "overwhelming weight of authority" held that MDL transferee courts have jurisdictions over subpoenas pending elsewhere); *In re Neurontin Mktg., Sales Practices, & Prods. Liab. Litig.*, 245 F.R.D. 55, 57 (D. Mass. 2007) ("The relevant statutes and caselaw provide for an MDL Court to resolve disputes arising from the service of Rule 45 subpoenas on non-parties located in other districts…").

[3] *See also, e.g., In re Tricor Indirect Purchaser Antitrust Lit.*, C.A. No. 05-360 (D. Del.), Order dated October 30, 2009, Ex. 3 (granting voluntary partial dismissal of objection to class action statement, stating: "In order to expand the number of consumers who participate in the distribution, particularly consumers without health plan coverage ('cash-only consumers'), Class Counsel are hereby authorized to issue subpoenas, after final approval of the settlement, for records for retail purchases during the class period of TriCor from six large chain and mail order pharmacies."); Supplemental Order Granting Preliminary Approval Of Settlement in *New England Carpenters Health Benefits Fund V. First*

**C. Any privacy objections should be overruled or satisfied through a protective order.**

Any alleged privacy objections to the Subpoenas should be overruled because they are unfounded in this context. "In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy." *Khalilpour v. Cellco P'ship*, No. C 09-02712 CW (MEJ), 2010 U.S. Dist. LEXIS 43885, at *9 (N.D. Cal. Apr. 1, 2010). *See, e.g., In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. 69, 202 (E.D.N.Y. 2008) (detailing "[e]xamples of notice and claims procedures

---

*Databank, Inc.*, Civil Action No. 1:05-CV-11148-PBS (D. Mass. June 26, 2009), Ex. 4 ("In order to provide direct payment of claims to members of the Cash Payor Settlement Class, Class Counsel are directed upon the Court's order granting final approval of the settlement to subpoena electronic purchase information from the ten (10) largest retail pharmacy providers. The information sought shall be strictly limited to that required to facilitate notice and payment of settlement award and shall consist of the names, addresses and amounts paid."); *Government Employees Hosp. Assoc. v. Serono Int'l, S.A.*, CA. No. 05-CV-11935 (D. Mass.), Order Requiring Class Counsel to Serve Subpoenas In Furtherance of Class Claims dated May 21, 2001, Ex. 5 ("The distribution of settlement funds to Consumer Class Members may be facilitated by disseminating claims information directly to Consumer Class Members. The pharmacies that provided Serostim to Consumer Class members are a likely source of the names, last known addresses, and amounts paid for Serostim by Consumer Class members, and that having this information will facilitate the distribution of settlement funds to Consumer Class Members. Therefore, the Court orders Class Counsel…to serve subpoenas issued by this Court on certain pharmacies that filled the largest Serostim prescriptions during the Class Period."); *In re Remeron End-Payor Antitrust Litig.*, 2005 U.S. Dist. LEXIS 27011, at *53 (D.N.J. Sept. 13, 2005) (overruling objections to and granting final approval of class action settlement, stating "14 of the top 25 pharmacy chains, 3 of the top 6 supermarket, and 6 of the top 7 mass merchant retailers voluntarily participated in searching their databases for Remeron purchasers and sending notices with Claims Forms to them."); *In re Relafen Antitrust Litig. v. Smithkline Beecham Corp.*, 2004 U.S. Dist. LEXIS 29834, at *17-18 (D. Mass. Nov. 24, 2004) (preliminarily approving class action settlement and authorizing plaintiffs "to issue subpoenas to the ten largest providers of retail pharmacy services in the United States as well as the mail-order pharmacies associated with the five largest providers of pharmaceutical benefit management in the United States, to obtain access to electronic files of the names and addresses of any consumers of Relafen and/or nabumetone as well as information concerning the consumer's expenditures"); *In re Visa Check/Mastermoney Antitrust Litig.*, 2002 U.S. Dist. LEXIS 23327, at *6-7 (E.D.N.Y. June 21, 2002) (ordering plaintiffs to subpoena 81 third parties "to attempt to obtain and incorporate into the Class Member List … the merchant contact information accessible from the [third parties'] current and existing databases. In addition, defendants should send letters to those [third parties] asking for their cooperation in promptly producing the information sought by plaintiffs' subpoenas.").

undertaken in other pharmaceutical matters, including participation rates of consumers and third-party payors and efforts taken to increase such rates," including direct mail to consumers). Here, the privacy of class members will be protected in two ways: first, the Class Member Lists can be produced as Confidential under the existing Protective Order; second, the Class Member Lists can be provided directly to the Claims Administrator for the sole purpose of providing notice or direct payments.[4]

**D.     Plaintiffs have offered to reduce any burden.**

Finally, any objections based on burden should also be overruled. While Rule 45(c)(1) does require a party to take reasonable steps to avoid imposing undue burden on third parties, it does not prevent a party from requesting relevant information. Moreover, it is the third parties' duty to inform Plaintiffs of the specific "undue burden" it believes the subpoena will cause (which neither third party has detailed). *See, e.g., Verizon Trademark Servs., LLC v. Producers*, Inc., 2012 U.S. Dist. LEXIS 5660, at *3-4 (D. Del. Jan. 18, 2012) (denying motion to quash and stating, "Plaintiffs' subpoena, directed to a Delaware corporation with a principal business office in Newark, Delaware, is enforceable, absent undue burden or expense. Because [the third party] has not been candid in this dispute, the court has no basis for finding that compliance would be an undue burden. Therefore, the motion to quash is denied, as is [the third party's] request for sanctions."); *Warshay v. United States*, 1999 U.S. Dist. LEXIS 4019, at *3 (E.D.N.Y. Mar. 10, 1999) ("'Typically, a non-party is required to absorb the costs of complying with a subpoena duces tecum.'") (*quoting Cantaline v. Raymark Indus., Inc.*, 103 F.R.D. 447, 450 (S.D. Fla. 1984)).

Plaintiffs have offered to confer regarding costs that are atypical. However, "[g]enerally,

---

[4] The question of whether the Class Member Lists provide sufficient data on which to base direct refunds will be addressed once the data is produced and examined by the Claims Administrator.

- 5 -

reimbursement only occurs where the costs are great or the document demand unreasonably broad." *Warshay*, 1999 U.S. Dist. LEXIS 4019, at *3-5 (quotations omitted) (denying motion to quash where the third party "failed to establish that the cost of compliance was excessive"); *Blank v. Talley Indus., Inc.*, 54 F.R.D. 627, 627 (S.D.N.Y. 1972) (denying reimbursement of a non-party brokerage house's costs for compliance with class action plaintiff's demand for names and addresses of certain stockholders).  Here, neither third party has identified any costs that are atypical or overly burdensome.

## IV.   CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court order that Safeway and Target produce Class Member Lists within seven (7) business days of entry of the Court's order.

Dated: March 17, 2020

Respectfully submitted,

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan (*pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: (312) 741-1019
beth@feganscott.com

Scott A. Kamber
KAMBERLAW LLC
201 Milwaukee St., Ste 200
Denver, CO 80206
(212) 920-3072
(212) 202-6364 (fax)
skamber@kamberlaw.com

Deborah Kravitz
KAMBERLAW LLP
401 Center Street, Suite 111
Healdsburg, CA 95448
(707) 820-4247
dkravitz@kamberlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Clerk of the Court will transmit a Notice of Electronic Filing to all ECF registrants. I further certify that the following persons were served via electronic mail and first class mail, postage prepaid, at the following addresses:

    Theodore K. Bell
    Senior Corporate Litigation Counsel
    Albertsons Companies
    11555 Dublin Canyon Road
    Pleasanton, CA 94588
    Tad.bell@safeway.com

    Tinzing Artmann
    Litigation Paralegal
    Target Corp.
    1000 Nicollet Mall
    Minneapolis, MN 55403
    Tinzing.artmann@target.com

                                */s/ Elizabeth A. Fegan*
                                Elizabeth A. Fegan