# Exhibit A

## Declaration of Scott A. Kamber

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>*This Document Relates To*:<br>ALL CLASS ACTIONS | MDL Docket No. 2665<br><br>Case No. 15-1825 (ESH) |

**DECLARATION OF SCOTT A. KAMBER IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Scott A. Kamber, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of New York, am admitted to practice before this court, and am Managing Partner of the law firm of KamberLaw, LLC ("KamberLaw"). I was appointed by this Court to serve as Co-Class Counsel in the above-captioned litigation, and make this declaration in support of Plaintiffs' motion for final approval of class action settlement.

2. I have actively participated in all aspects of this litigation, including the negotiation of the settlement, and am fully familiar with the proceedings in the matter in which the parties seek resolution. If called upon, I am competent to testify that the following facts are true and correct based upon my personal knowledge.

3. I specifically incorporate by reference my declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 224-2.

4. Throughout the mediation and negotiation efforts, and in advising our clients of the proposed settlement, Class Counsel has at all times considered the fairness, reasonableness and

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Final Approval of
Class Action Settlement                                                                 P a g e | 1

adequacy of the settlement for the Class, taking into account: the strength of Plaintiffs' case; the risk, expense complexity and likely duration of any further litigation; the risk of certifying a class and then maintaining class action status through trial; the amount offered in settlement and the experience; and views of Plaintiffs' counsel.

5. Against the backdrop of Class Counsel's collective experience in prosecuting complex class actions, we have considered the claims set forth in the Complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed Settlement is fair, reasonable and adequate, well within the range of possible approval, and therefore deserving of the Court's approval.

6. On January 27, 2020 this Court entered an Order granting Preliminary Approval of the Settlement now before this Court for Final Approval. Dkt. No. 225. Since that time, Class Counsel has worked closely with Defense Counsel and the Claims Administrator ("HCG") to ensure that all aspects of the Preliminary Approval Order were carried out. Specifically, Class Counsel has expended significant time working with HCG regarding claims administration.

7. It is with great pride that I am able to reiterate to the Court that this Settlement is fair, reasonable and adequate, not only for all the reasons set forth in the papers in support of Preliminary Approval but because of the unprecedented support of the Class Members. The claims process was a resounding success garnering a substantial number of claims.

8. Specifically, and as detailed more fully in the Declaration of Jeanne C. Finegan, as of May 15, 20202, HCG received 112,442 claims. In contrast, no exclusions nor objections were received from actual Class Members.

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Final Approval of
Class Action Settlement                                                                 P a g e | 2

9. Although Class Counsel did receive four letters that purport to be objections—2 from the same address in Alabama, and one each from addresses in Ohio and Pennsylvania—they do not appear to be from actual Class Members. Alabama, Ohio, and Pennsylvania residents are not included in the Class Definition, and do not have standing to object to the Settlement. Similarly, HCG received one purported request for exclusion from a North Carolina resident who does not appear to be a Class Member. Because North Carolina residents are not included in the Class Definition, they are not Class Members, and are already not included in the Settlement. *See* true and correct copies of the purported objection letters from Anginetia Allen, Mary Allen, Cinnamon Bush, and Erik Brooks-Glivens; and the purported request for exclusion from Diana Meyer, attached as group Ex. D to Plaintiffs' Motion and Memorandum in Support of Final Approval. Class Counsel notes that the letters from Anginetia and Mary Allen, in addition to bearing the same address, also both include the same email address, and appear to be written in the same hand. Further, all four purported objection letters use nearly verbatim language.

10. As the Court is aware, Class Counsel sought to obtain class member information directly from two retailers who sold the relevant Black Pepper Products in the three certified states. This process has yielded extensive customer data that appears likely to yield electronic cash distributions to a substantial number of Class Members who did not file claims. Class Counsel has expended substantial time to obtain the data necessary from Target and Safeway in order to provide HCG with purchase information for Class Members who participate in the stores' loyalty programs. HCG should be able to distribute monies directly to those Class Members for which Target and Safeway provided sufficient information (e.g. name, email address, and zip code).

11. Initially, Target provided data from the three certified states on May 8, 2020, that bore anomalies making it unreliable. HCG worked with Target to resolve the data issues, but unfortunately, the new data set was not delivered until today (May 20, 2020), which did not allow

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Final Approval of
Class Action Settlement                                                                                   P a g e | 3

sufficient time for analysis of the data.

12. Yesterday (May 19, 2020), Safeway provided its data for the first time, and in one massive, nationwide data file. As a result, there has not been sufficient time to cull the data down to the three certified state classes, let alone time to review and analyze the underlying data before the filing deadline for Plaintiffs' Final Approval papers. However, the Claims Administrator will use its best efforts to provide a supplemental report to the Court on the retailer data, including an updated claims analysis and an estimated distribution of the Settlement Fund. Based on my conversations with HCG, it appears highly likely that the Safeway and Target data will yield a distribution of monies to at least as many Class Members as those who actively filed claims.

13. As done for the filed claims, if the Court approves the Settlement, HCG will review and verify the retailer data, and remove non-Class Member data and duplicates of filed claims, and we will provide to the Court a [proposed] Final Distribution Order, prior to any distribution being made.

14. McCormick has fully funded its $2.5 Million contribution to the Settlement Fund.

15. Having reached full agreement on terms and conditions of a settlement, the Court's Preliminary Approval, and the overwhelming support of Class Members, and the Class Representatives, Plaintiffs now seek the Court's Final Approval of the Settlement. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2020
Avon, Colorado

_____
Scott A. Kamber

Declaration of Scott A. Kamber in Support of
Plaintiffs' Motion for Final Approval of
Class Action Settlement                                                                                    P a g e | 4