**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: MCCORMICK & COMPANY, INC., PEPPER PRODUCTS MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 2665 Case No. 15-mc-1825 (ESH) |
| *This Document Relates To*: ALL CLASS ACTIONS | |

**ORDER REGARDING PLAINTIFFS' MOTION FOR**
**ATTORNEYS' FEES  AND COSTS, AND INCENTIVE AWARDS**
**FOR THE SETTLEMENT CLASS REPRESENTATIVES**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs, and Incentive

Awards for the Settlement Class Representatives, ECF No. 236 ("Class Counsel's Fee Motion").

In making the award of attorneys' fees and reimbursement of expenses, the Court has considered

the materials submitted by Class Counsel in support of final approval of the Settlement and their

request for attorneys' fees and costs and makes the following findings.

1.       Class Counsel, who were initially appointed by this Court by an Order dated

January 28, 2016, ECF No. 26, have applied for (i) an award of attorneys' fees in the amount of

$625,000, which represents 25% of the gross Settlement amount; (ii) reimbursement of out-of-

pocket litigation expenses of $468,630.22; and (iii) approval of $5,000.00 in incentive awards to

each of the four Settlement Class Representatives.

2.       Notice of Class Counsel's Fee Motion was directed to the Class in a reasonable

manner as required by Federal Rules of Civil Procedure 23(h), as set forth in this Court's

Preliminary Approval Order dated January 27, 2020, ECF No. 225.

3.       On June 3, 2020, a hearing on Class Counsel's Fee Motion was held in

conjunction with a hearing on Plaintiffs' Motion for Final Approval of the Class Action

Settlement, ECF No. 237.

4.      In accordance with Rule 23(h) of the Federal Rules of Civil Procedure, McCormick & Company, Incorporated ("McCormick") has agreed, subject to Court approval, that Class Counsel will be paid an award of attorneys' fees and reimbursable expenses, which payment will, as stipulated in the Settlement Agreement, cover all attorneys' fees and reimbursable expenses for all counsel for all Plaintiffs. *See* Rule 23(h) ("Attorney's Fees and Nontaxable Costs.  In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."); *see also* Fed. R. Civ. P. 23(e)(3) ("Identifying Agreements. The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.").

5.      While the Parties have agreed on the amount of attorneys' fees, the Court nonetheless has discretion over the amount to be awarded.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

6.      These amounts are in accordance with the terms of the Settlement Agreement and were not negotiated by the parties until after the negotiations regarding the relief to be afforded to the class had concluded.  Under prevailing precedent and the circumstances of this case, these requests are reasonable and appropriate, and for the reasons set forth in more detail below, the requests will be approved.

7.      The Court makes this Order under Federal Rule of Civil Procedure 23(h) and specifically makes these findings and decisions pursuant to Rule 52(a).

**A.      Attorneys' Fees Award**

8.      Plaintiffs request a fee award of 25% of the Settlement Fund, which is $625,000. The percentage-of-the-fund method of awarding fees is the accepted method for awarding fees in common fund cases in this Circuit.  *See In re Black Farmers Discrimination Litig.*, 856 F. Supp.

2d 1, 39 (D.D.C. 2011), *as amended* (Nov. 10, 2011) (citing *Swedish Hosp. Corp. v. Shalala*, 1

F.3d 1261, 1265 (D.C. Cir. 1993)); s*ee also, e.g.*, *Howard v. Liquidity Servs. Inc.*, No. 14-cv-

1183, 2018 WL 4853898, at *7 (D.D.C. Oct. 5, 2018).   An award of 25% of the common fund is

a reasonable amount that falls within the range of amounts approved by courts in similar cases.

*See In re Black Farmers Discrimination Litig.*, 856 F. Supp. 2d 1, 39 (D.D.C. 2011), *as*

*amended* (Nov. 10, 2011) ("In 'a majority of common fund class action[s],' attorneys' fee

'awards fall between twenty and thirty percent' of the fund." (quoting *Swedish Hosp. Corp. v.*

*Shalala,* 1 F.3d at 1272)).

    9.    To determine the reasonableness of the percentage of the common fund requested

by counsel, courts in this Circuit consider the following factors:

> (1) the size of the fund created and the number of persons
> benefitted; (2) the presence or absence of substantial objections by
> members of the class to the settlement terms or fees requested by
> counsel; (3) the skill and efficiency of the attorneys involved; (4)
> the complexity and duration of the litigation; (5) the risk of
> nonpayment; (6) the amount of time devoted to the case by
> plaintiffs' counsel; and (7) the awards in similar cases.

*Howard v. Liquidity Servs.*, 2018 WL 4853898, at *7 (internal quotations omitted).  The lodestar

method may also be used as a cross-check as to the propriety of the award under the percentage-

of-the-fund method.  *See, e.g.*, *id*. at *8 n.1; *Ceccone v. Equifax Info. Servs. LLC*, No. 13-cv-

1314, 2016 WL 5107202, at *13 (D.D.C. Aug. 29, 2016).

    10.    *The size of the fund created and the number of persons benefitted.*  The Settlement

Agreement provides for a $2,500,000 Settlement Fund.  Based on the number of claims filed and

the additional customers identified through purchase data provided by Target and Safeway,

plaintiffs estimate that approximately 200,000 customers will receive payments from the

Settlement Fund and that each customer payment will exceed the alleged amount of actual

damages.  (*See* Hamill Decl. ¶ 20, ECF No. 242-1.)  The Settlement thus provides a fair and reasonable monetary benefit to the Class. This factor weighs in favor of the requested fee award.

11.     *Objections by members of the class to the settlement terms or fees requested by counsel*.  No objections from Class Members have been  received, so this factor weighs in favor of the requested award.

12.     *Class Counsel's skill and efficiency*.  Class Counsel are experienced in litigating complex class actions and consumer protection cases. Class Counsel zealously advocated for consumers of the relevant products at issue and ultimately succeeded in certifying the Florida, Missouri and California state-wide classes.  This factor weighs in favor of the requested fee award.

13.     *The complexity and duration of the litigation*. The lifespan of this case – in active litigation for five years – supports the reasonableness of the fee request. Class Counsel served and responded to discovery requests, reviewed approximately 70,000 pages of documents, served numerous third-party subpoenas, and noticed, prepared for, and conducted or defended over two dozen depositions.  In addition to fact discovery, Class Counsel retained and consulted with an expert witness, and drafted and responded to multiple rounds of briefing on Plaintiffs' motion for class certification and the interlocutory appeal. The Settlement in this matter was reached after four mediation sessions in three years, with the assistance of both Judge Robertson and Ms. Lesser.

14.     Moreover, the subject matter here – slack-fill claims involving a manufacturer of a product in its own name and under store-brand labels – raised complex legal issues. Accordingly, this factor supports the requested fee.

15.     *The risk of nonpayment*. Class Counsel have been litigating this case on a

contingency fee basis and have not yet received any fees or payment for their work.  Class

Counsel had no guarantee that they would receive compensation for their work.  Further, in the

face of that risk, All Plaintiffs' Counsel funded the substantial expenses of the litigation,

expending $468,630.22.

16.     *The time and effort devoted to prosecuting this case*. As set forth in Class

Counsel's fee declarations, Class Counsel reported devoting 4,490.07 hours to prosecuting this

case, which does not include the hours Class Counsel Kamber spent prior to his appointment as

Interim Lead Counsel in the MDL proceeding[1] or the additional hours Class Counsel has and

will incur in connection with final approval of the Settlement Agreement and overseeing its

implementation.  In addition, Plaintiffs' Deposition Counsel reported devoting 877.75 hours and

Additional Plaintiffs' Counsel reported 1,093.3 hours to prosecute this matter. Thus, this factor

weighs in favor of Plaintiffs' fee award.

17.     *Awards in similar cases.* An award of twenty-five percent of the common fund is

in line with attorneys' fee awards in similar common fund cases.  *See Swedish Hosp.*, 1 F.3d at

1272.

18.     *Lodestar Cross-Check.* A cross-check of the lodestar amount confirms the

reasonableness of the $625,000 sought as attorneys' fees.  The cross-check analysis is a two-step

process. First, the lodestar is determined by multiplying the number of hours reasonably

expended by the reasonable rates requested by the attorneys.  *See, e.g.*, *Keepseagle v. Perdue*,

334 F. Supp. 3d 58, 61 (D.D.C. 2018).   Second, the court determines the multiplier required to

match the lodestar to the percentage-of-the-fund request made by counsel and determines

---

[1] Class Counsel Kamber estimates that this time would amount to approximately $200,000 in
fees.  (Kamber Decl. ¶ 5.)

whether the multiplier falls within the accepted range for such a case.  *Id*.  Here, the lodestar

cross-check confirms that the 25 percent request is reasonable.

      19.     As of March 31, 2020, Class Counsel and their teams reported spending a total of

4490.07 hours working on this case, resulting in a lodestar of $2,439,624.19  As explained in the

Class Counsel Declarations, the stated hours were incurred by, among other things, investigating

the claims against Defendants, reviewing and analyzing the documents, preparing the amended

complaints, conducting necessary legal research, briefing Defendants' multiple motions to

dismiss, and conducting extensive discovery, briefing and presenting plaintiffs' motion for class

certification over multiple hearing dates and rounds of briefing, working with their damages

expert, engaging in four mediation sessions and extensive additional settlement negotiations, and

preparing the necessary agreements and pleadings related to the Settlement.  These hours were

supported by the detailed time records submitted to the Court for *in camera* review.  Given these

activities, the complexity of the legal issues involved, and the intensity of Defendants' defense,

the hours incurred are reasonable.

      20.     The hourly rates charged by Class Counsel are also reasonable based on each

person's position, experience level, and location, as reflected in the *Laffey* Matrix.  *See*

http://www.laffeymatrix.com/see.html (last accessed June 3, 2020); *see Covington v. District of*

*Columbia*, 57 F.3d 1101, 1105, 313 U.S. App. D.C. 16 & n.14, 1108, 1109 (D.C. Cir. 1995)

(*Laffey* matrix is evidence of prevailing market rates for litigation in the Washington, D.C.

area).[2]

---

[2] Because plaintiffs have "demonstrated that th[is] litigation 'fall[s] within the bounds' of
'complex federal litigation[,]' . . . the Laffey Matrix rates presumptively apply."  *12 Percent*
*Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, No. 17-cv-02000 (APM), 2020 WL
1429904, at *6 (D.D.C. Mar. 23, 2020) (quoting *Reed v. District of Columbia*, 843 F.3d 517, 521

21.     Since the inception of this case, the Laffey Matrix has reported that the hourly rate for attorneys with 20+ years of experience has ranged from $789 to $899. Elizabeth Fegan's average hourly effective rate at Hagens Berman was $735.89, and her hourly rate through December 31, 2019 at Fegan Scott was $750. Similarly, Scott A. Kamber's hourly rate is $850. Accordingly, Class Counsel's hourly rates are within prevailing market rates for litigation counsel in the Washington, D.C. area, and are reasonable and appropriate in this case.

22.     Class Counsel's lodestar, which is approximately 4 times the requested fee (produced by cross-checking the 25% requested award of $625,000 against Class Counsel's current reported lodestar of $2,439,624.10), is well below the accepted range nationwide.  *See* 4 Newberg on Class Actions § 14.7 (courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts").[3]

23.     Accordingly, for all of the reasons reflected above, Class Counsel's request for a fee award of 25% of the common fund, or $625,000, is granted as fair and reasonable.

24.     Class Counsel, in its discretion, shall have the right and obligation to distribute fees to any other Plaintiffs' counsel that Class Counsel has found provided a benefit to the

---

(D.C. Cir. 2016); *see also Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 956 (D.C. Cir. 2017) ("The *Laffey* Matrix provides a 'schedule of prevailing rates' for attorneys who litigate in the D.C. area." (quoting *Eley v. District of Columbia*, 793 F.3d 97, 100–01 (D.C. Cir. 2015))); *see also DL v. D.C.*, 924 F.3d 585, 592 (D.C. Cir. 2019) (DC Cir. 2019) (reversing district court's use of USAO's competing matrix, which has lower rates, in "complex federal litigation").

[3] Plaintiffs' Deposition Counsel and Additional Plaintiffs' Counsel reported an aggregate lodestar of approximately $1,019,156.75, but because the record does not establish that the rates charged by each of these counsel are consistent with the *Laffey* Matrix (and it is apparent in several instances that they are not, *see* Pls. Ex. E, ECF No. 236-5, at 7, 26, 22, 29), the Court has not taken these fees into account in deciding whether the requested fee award is fair and reasonable.

Classes and to distribute such fees in proportion to the benefit provided to the Classes as evidenced by the work accomplished at the direction of Class Counsel and evidenced by the time records of Plaintiffs' Counsel.

**B.      Out-of-Pocket Expenses**

25.      All Plaintiffs' Counsel request reimbursement for the reasonable and necessary expenses advanced to prosecute this litigation since its inception. These expenses, totaling $468,630.22, are detailed in the Plaintiff firms' fee and expense declarations as well Mark Vazquez's declaration regarding the litigation fund.

26.      Class Counsel has documented that the expenses sought here are for actual out-of-pocket expenses and outstanding expenses.  In sum, All Plaintiffs' Counsel report expending $409,753.90.  Class Counsel currently has $98,361.37 in unpaid expenses for their expert and document hosting service.[4] The litigation fund also currently has a positive balance of $39,485.05.  Accordingly, the owed expenses are calculated as follows:

| | |
|---|---|
| Expense Disbursements as reported by All Plaintiffs' Counsel | $409,753.90 |
| Unpaid Bills | $98,361.37 |
| Subtotal of Expense Disbursement | $508,115.27 |
| Less Balance in Litigation Fund | $39,485.05 |
| **Total Expense Disbursements** | **$468,630.22** |

In sum, Plaintiffs' request for reimbursement for $468,630.22 in out-of-pocket expenses is fair and reasonable.

---

[4] The outstanding (unpaid) expenses include $97,717.27 for The Brattle Group (Armando Levy), Plaintiffs' expert, and $644.10 for Everlaw, Inc., Plaintiffs' third-party document hosting and review platform. *See* Vazquez Decl. II, ¶ 10, Ex. D.

C.      **Incentive Awards for Settlement Class Representatives**

27.      "Service awards to named plaintiffs are not uncommon in class action litigation, particularly where a common fund has been created for the benefit of the entire class." *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 207 (D.D.C. 2011) (citations omitted).

28.      As detailed more fully in the Kamber Declaration, ECF No. 236-3, the four Settlement Class Representatives have assisted Class Counsel in this litigation by expending time and resources, including missing work, to review key pleadings, prepare for their depositions and be deposed, respond to discovery requests, and review and approve the terms of the Settlement.

29.      The $5,000 proposed incentive compensation for the Class Representatives is in line with awards by courts in other class action cases.[5]  Thus, the $5,000 incentive compensation award for each of the four Settlement Class Representatives is fair and reasonable.

**NOW, THEREFORE, THE COURT ORDERS AS FOLLOWS:**

1.      The Court grants Class Counsel's request for an award of $625,000 in attorneys' fees, which represents 25 percent of the common fund, to be paid from the Settlement Fund;

2.      The Court grants Class Counsel's request for reimbursement of expenses of $468,630.22 to be paid from the Settlement Fund;

3.      The allocation of attorneys' fees and expenses among various Plaintiffs' counsel

---

[5] *See, e.g., Ceccone v. Equifax Info. Servs. LLC*, 2016 U.S. Dist. LEXIS 127942 at *36 (D.D.C. Aug. 29, 2016) (awarding $5,000 to the named plaintiff in Fair Credit Reporting Act class action); *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 208 (D.D.C. 2011) (awarding $5,000 each to three class representatives as "fall[ing] within the range of reasonableness"); *Little v. Wash. Metro. Area Transit Auth.,* 313 F. Supp. 3d 27, 39 (D.D.C. 2018) (approving service payments in the amounts of $7,500 and $5,000); *Cohen v. Warner Chilcott Pub. Ltd. C*o., 522 F. Supp. 2d 105, *124 (D.D.C. 2007) (awarding $7,500 to each of two named plaintiffs who "fully complied with all demands placed on them during [the] litigation and assisted in Class Counsel's investigation of th[e] case"); *Wells v. Allstate Ins. C*o., 557 F. Supp. 2d 1, 9 (D.D.C. 2008) (granting $10,000 incentive award to representative plaintiffs who actively participated in discovery and attended hearings).

shall be at the sole discretion of Class Counsel; and

      4.    The Court awards each of the four Settlement Class Representatives an incentive award of $5,000 to be paid from the Settlement Fund.

**SO ORDERED**.


                                                     _____
                                                   ELLEN S. HUVELLE
                                                   United States District Judge

Date:   June 5, 2020